### In re LEAKEN.

(Circuit Court, S. D. Georgia, Eastern Division. May 10, 1905.)

**1. HABEAS CORPUS—UNITED STATES OFFICERS.**

Rev. St. §§ 753, 761 [U. S. Comp. St. 1901, pp. 592, 594], provide that the writ of habeas corpus shall in no case extend to a prisoner in jail, unless he is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof, in which case the court or judge shall proceed in a summary way to determine the facts of the case, and dispose of the party as law and justice require. *Held*, that such sections confer jurisdiction on federal courts to release on habeas corpus an officer of the United States held in custody for an act done or omitted under authority vested in him by the laws of the United States, though there was no act of Congress covering the particular case.

**2. SAME—ASSISTANT DISTRICT ATTORNEYS.**

Assistant district attorneys appointed by a United States district judge, as authorized by Act Cong. May 28, 1896, c. 252, § 8, 29 Stat. 181 [U. S. Comp. St. 1901, p. 613], are officers of the United States courts for their respective districts.

**3. SAME—STATE COURTS—CONTEMPT.**

Where petitioner, in his official capacity as assistant United States district attorney, procured the production of state court records before a federal grand jury under an ordinary subpœna duces tecum, and thereafter held possession of such records as such attorney, he was not subject to punishment for contempt of the state court for failure to return such records on demand.

Osborne Lawrence, for petitioner.
A. C. Wright, Sol. Gen., for respondent.

PARDEE, Circuit Judge. The evidence adduced on the hearing shows that the material facts in the case are substantially as set forth in the relator's petition, as follows:

"Your petitioner, William R. Leaken, respectfully represents and shows to this honorable court that he is a citizen of the United States, and a resident of the state of Georgia, in the Eastern Division for the Southern District of Georgia; that he was at all times hereinafter named up to and before the 15th day of March, 1905, an assistant district attorney for the United States having jurisdiction in the Southern District of Georgia. Your petitioner further shows that at the Nevember, 1904, term of the District Court of the United States for the Southern District of Georgia, your petitioner, as assistant district attorney aforesaid, at the request of the grand jury impaneled for

said term of court, sued out præcipe for subpœna duces tecum for certain witnesses, to wit, Judge Frank Tarver and the clerk of the county court of Effingham county, requiring them under the laws of the United States to appear before said grand jury and produce certain books, papers and other documents. Your petitioner further shows that in compliance with said præcipe, a copy of said præcipe being hereto attached and made a part of this petition, marked 'Exhibit A,' subpœnas duces tecum were issued by the clerk of said District Court of the United States for the Southern District of Georgia directing to said Judge Frank Tarver and said clerk of the county court of Effingham county requiring them to produce said records and documents before the said grand jury, a copy of said subpœnas duces tecum, together with copies of subpœna tickets showing acknowledgments of service and attendance under said subpœnas duces tecum upon the part of said Tarver and said clerk, being hereto attached and made a part of this petition, and marked 'Exhibit A.' Petitioner further shows that in compliance with the terms of said subpœnas the said Tarver and the said clerk of the county court of Effingham county appeared before the grand jury of said District Court, and produced before said grand jury the records of the county court of Effingham county, the same consisting of the judge's docket and minutes of said court, and that the said records were examined and used as evidence before the said grand jury, and said books were left by the said judge and clerk in the possession of the grand jury of said District Court of the United States for the Southern District of Georgia. Petitioner further shows that on the 17th day of December, 1904, Mr. C. F. Berry, said clerk, came to petitioner, and at Savannah, Ga., and orally requested petitioner to deliver to him said records, and your petitioner at that time declined to deliver said books to the said clerk, except upon a proper order of the county court of Effingham county. Petitioner further shows that on December 19, 1904, A. C. Wright, Esq., solicitor of the county court of Effingham county, wrote to your petitioner as an individual, and not as an official, making a personal request upon petitioner for a return of said records. In reply to this letter your petitioner, on the 21st of December, 1904, stated to said A. C. Wright, Esq., in writing, that petitioner had told the clerk of the county court that upon proper demand made the United States District Court would act, and that, if the said Wright would amend his letter by making it official, petitioner would return the records and books as soon as he could have a copy made of such portion as petitioner desired; this letter being signed as an assistant United States attorney. Petitioner further shows that on December 26, 1904, said A. C. Wright, Esq., in a letter signed by himself as solicitor of the county court of Effingham county, but addressed to your petitioner again individually, requesting the return of said record without delay, to which letter your petitioner on January 4, 1905, replied in writing, stating that the books were at the disposal of the proper officer upon the proper receipt. Petitioner further shows that on January 9, 1905, said A. C. Wright, Esq., wrote your petitioner a letter, addressing petitioner individually, emphasizing the fact that he addressed petitioner individually, and not officially, and threatening to submit the matter to the county court of Effingham county. Petitioner further shows that on the 14th day of January, 1905, the county court of Effingham county, Frank R. Tarver, judge of said court presiding, issued a rule nisi against your petitioner directing petitioner to show cause before him at Springfield, Effingham county, Ga., on the third Monday in February, 1905, why petitioner should not be dealt with for contempt for having in his possession and retaining in Chatham county, and as an individual, the above-named dockets and minutes; a copy of which said rule was handed to petitioner by a bailiff of said county court of Effingham county, who handed the same to petitioner in Chatham county, Ga., in which said county the said bailiff had no jurisdiction or authority to act. Petitioner further shows that at the time designated for the return of said rule your petitioner, through D. H. Clark, his attorney at law, presented to said county court of Effingham county a traverse to the return of said bailiff, which said traverse the said Frank R. Tarver struck on the ground that your petitioner did not appear before him personally. Petitioner further shows that after the overruling of said traverse your petitioner presented to said court his written demurrer hereinafter set out, the several grounds of demurrer therein expressed. After argument heard upon said demurrer the court overruled the same, and each

and every ground thereof, and passed a written order to that effect, which written order is hereinafter shown. Petitioner further shows that after the overruling of said demurrer his said attorney presented to the court a plea to the jurisdiction of said county court of Effingham county, a copy of said plea being hereinafter set out and made a part of said petition, which said plea was overruled and stricken by the court, which entered a written order to that effect, a copy of said order being hereinafter set out with said correspondence and proceedings in said county court of Effingham county, marked 'Exhibit B.' Petitioner further shows that thereafter petitioner, through his attorney, presented an answer to said rule to said court, and that upon the trial of the issue thereby made the court heard evidence upon the same, a stenographic report of said evidence being hereinafter set out, and marked 'Exhibit C,' and made a part of this petition. Petitioner further shows that after hearing evidence the court rendered judgment charging your petitioner to be in contempt of court, and passed a written order to that effect, a copy of said written order and judgment being hereinafter set out and made a part of the said Exhibit B. Petitioner shows that thereafter, to wit, on the 28th day of March, 1905, the said county court of Effingham county issued an attachment against your petitioner directing the bailiff of the county court of Effingham county or other lawful officers to arrest your petitioner, and confine him in the jail of Effingham couty for ten (10) days, a copy of said attachment being hereinafter set out, and marked 'Exhibit D.' Petitioner further shows that said attachment was delivered to John Schwartz, Esq., sheriff of Chatham county, and on the 13th day of April, 1905, and that said sheriff, acting under and by virtue of said process, has arrested your petitioner, and unjustly and unlawfully detains petitioner, and threatens to imprison him in the said county jail of Effingham county."

Under this state of facts it is evident that the relator is held in custody under a proceeding in, and on a warrant from, the county court of Effingham county, for and on account of duties devolving on, but not performed by, him as assistant United States attorney. Unquestionably, as such attorney, he sued out the subpœna duces tecum to bring to the United States court the records of the county court of Effingham county, and on production of the records laid them before the grand jury; and if, after having been used by the grand jury, the said records were left in the custody of the relator, it was because the relator was assistant United States attorney. As a private citizen he could neither have sued out the subpœna duces tecum, acted before the grand jury, or afterwards assumed custody of the records. Being in possession of the records, if it was the duty of the relator to return them to their normal and lawful custodian, such duty devolved on him solely because he was the assistant district attorney of the United States having charge of the proceedings before the United States court wherein the records had been used. The judgment against him is for contempt of the county court of Effingham county in not on demand returning the said records. It seems clear then that the relator is in custody by reason of the judgment and warrant of the county court of Effingham county for the nonperformance, or omission, of a duty devolving upon him as an officer of the United States. Under sections 753 and 761 of the Revised Statutes of the United States [U. S. Comp. St. 1901, pp. 592, 594], the Circuit Court of the United States has jurisdiction to release on habeas corpus any person held in custody by any person or party for an act done or omitted in pursuance of the laws of the United States. In re Neagle, 135 U. S. 1–99, 10 Sup. Ct. 658, 34 L. Ed. 55, is full authority for the proposition that

it is not necessary that there shall be an act of Congress passed to cover the particular case, but it is sufficient if the party in custody has acted under authority vested in him as an officer of the United States. Assistant district attorneys are appointed under authority of Act May 28, 1896, c. 252, § 8, 29 Stat. 181 [U. S. Comp. St. 1901, p. 613], and they are officers of the United States courts for their respective districts. Officers of the United States courts cannot be punished by any state court for acts within their duties as officers of the United States court. In re Turner, 3 Woods, 603, Fed. Cas. No. 14,246; In re Thomas (C. C.) 82 Fed. 304; s. c., 173 U. S. 276, 19 Sup. Ct. 453, 43 L. Ed. 699; In re Waite (D. C.) 81 Fed. 359; s. c., 88 Fed. 102, 31 C. C. A. 403.

So far as the law of the case is concerned, I understand that the learned solicitor general, who appeared for the respondent, admits the propositions above stated, and that in this case the petitioner is entitled to be discharged if it appears that he held the records in question in an official, and not an individual, capacity. While not actually disputing the facts recited in the petition, he contends that there was no authority to compel the production of the records of Effingham county before the United States grand jury, and because thereof all the persons who participated in such production were acting in a private capacity, at least to the extent that when the records came into the hands of the relator, as there is no law to hold or retain the same, he must have held them in his private capacity. The answer to this argument is found in In re Turner, supra, where, under circumstances very similar to those in the present case, it was said:

"But it is not important to inquire how the ballot boxes, ballots, and papers came into the custody and control of the Circuit Court of the United States. The fact is they did come into such control, and that by the ordinary process of the court, and, being there by means of such process, they cannot be wrested from it in the manner attempted."

It may be that the issuance of a subpœna duces tecum by the United States court directed to the county judge of Effingham county for the production before the grand jury of the United States of the records of the county court of Effingham county was improvident, and the compliance therewith ill advised, but the fact remains that the subpœna was obeyed, and the records were produced and were left in the custody of the United States court, and thereafter whatever duty the relator owed to take care of said records or to return them to their lawful custodian was a duty incumbent upon him as an officer of the court. The records might have been left with the marshal, the clerk, or even with the judge, as officers of the court.

Other grounds are urged in the petition and in argument for the release of the petitioner on this writ, such as the lack of jurisdiction of the county court of Effingham county to hold the relator for an alleged contempt committed in Chatham county, but I think the real case is disposed of in the view taken above.

A judgment will be entered making the writ of habeas corpus absolute, and discharging the relator from custody.