## Charles A. Uzzell, Plaintiff in Error, v. The People of the State of Illinois, Defendant in Error.

1. OFFICERS—*criminal violation of duty.* Where no charge of any duty imposed by ordinance is found in an indictment charging the mayor of a city with palpable omission of and malconduct in the discharge of his official duties, the prosecutor must rely upon the violation of some statutory duty such as imposed by the Cities and Villages Act, R. S. Ch. 24, Art. 2, to warrant and sustain a conviction.

2. INDICTMENT AND INFORMATION—*duplicity.* If an indictment alleges a series of acts, and said acts as a series constitute but one offense, it does not necessarily make the indictment bad as being double.

3. OFFICERS—*indictment charging mayor with breach of official duty.* An indictment containing several counts charging the mayor of a city with palpable omission of and malconduct in the discharge of his official duties, in that he neglected to use any effort to stop gambling and the operation of slot machines, setting forth numerous names of persons violating the law, on being construed with the Cities and Villages Act, R. S. Ch. 24, Art. 2, Sec. 14, concerning the liability of mayors to indictment, is not vague, uncertain, or bad for duplicity since a number of acts may be charged, which being considered together will constitute one offense.

4. OFFICERS—*instructions where mayor indicted for breach of duty.* On trial of the mayor of a city under an indictment charg-

ing a breach of official duty in failing to suppress gambling and the operation of slot machines, an instruction based on the language of the Cities and Villages Act, R. S. Ch. 24, Art. 2, Sec. 14, concerning the liability of mayors to indictment, is not erroneous.

5. OFFICERS—*keepers of slot machines as accomplices of mayor.* On the trial of the mayor of a city indicted for breach of official duty in failing to suppress the operation of slot machines, an instruction stating in substance that certain keepers of slot machines, testifying for the state, were accomplices and therefore their evidence should be acted upon with caution, is properly refused since such witnesses are not, as a matter of law, accomplices.

6. CRIMINAL LAW—*instructions.* An instruction that it is the duty of a jury to find the defendant guilty, if from all the evidence they are satisfied of his guilt beyond a reasonable doubt, omitting to add, "as charged in the indictment," works no injury where on taking the instructions as a series and the evidence the jury must have understood that if they found the defendant guilty, they must find him guilty "as charged in the indictment."

7. CRIMINAL LAW—*instructions.* An instruction advising a jury that they are "the sole judges of the weight to be given to the testimony of the defendant," and that in judging its weight they have the "right to consider the reasonableness of the story he tells," is not misleading and does not erroneously single out defendant, particularly when an instruction for defendant tells the jury, that defendant is a competent witness and states the law as to what extent the interest of defendant in the trial is to be taken into consideration.

8. CRIMINAL LAW—*instruction on effect of number of witnesses.* An instruction stating that the truth of a disputed fact is not to be determined alone by the number of witnesses, who may testify for or against the same, in a measure invades the province of the jury, and in effect tells them that they cannot determine the truth or falsity of a fact from the number of witnesses who testify in favor or against it.

9. CRIMINAL LAW—*testimony of the greater number of witnesses.* It is for the jury to determine whether the proof of a disputed fact may be determined alone by the number of witnesses that may testify, for or against the truth of such fact, and if a greater number of witnesses testify to the truth of a fact than testify against it, and all the witnesses are of equal credibility, and no fact or circumstance in evidence either corroborates or refutes the testimony of the witnesses as to such facts, then the jury may determine the truth of the fact upon the ground that more witnesses have testified to its truth than have testified against it.

10. CRIMINAL LAW—*harmless error.* Where it appears from the whole record that substantial justice has been done, judgment will

Uzzell v. The People, 173 Ill. App. 257.

not be reversed by reason of erroneous instructions, provided no prejudice has resulted therefrom.

SHIRLEY, J., dissenting.

Error to the City Court of Granite City; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911. Rehearing denied June 10, 1912.

EDWARD C. KNOTTS, for plaintiff in error.

J. F. GILLHAM, for defendant in error; W. P. SEBASTIAN, of counsel.

MR. JUSTICE McBRIDE delivered the opinion of the court.

At the June term, 1910, of the City Court of Granite City, an indictment was returned against plaintiff in error, Charles A. Uzzell, the mayor of said Granite City, which contains four counts, the first and third of which charge the defendant with a palpable omission of his official duty, and the second and fourth charge him with malconduct in the discharge of his official duties as mayor.

A change of venue was granted from the judge of the City Court of Granite City to Honorable W. E. Hadley, one the circuit judges of the Third Judicial Circuit. A motion to quash the indictment, and each count thereof, was made by the plaintiff in error, and the same having been overruled, a plea of not guilty was entered, and the trial was had and a verdict returned by the jury, finding the plaintiff in error guilty under each of the four counts of the indictment. Motions for a new trial and in arrest of judgment were overruled, and judgment rendered on the verdict, and the court imposed on plaintiff in error a fine of $75.00 under each of the four counts of the indictment, and entered an order removing him from the office of mayor of said Granite City.

A writ of error was sued out and supersedeas

granted, and the case is now before this court for review.

The principal errors assigned are that the court erred in overruling the motion to quash the indictment, and each count thereof, and in giving improper instructions on behalf of the people, and in refusing proper instructions offered on behalf of the defendant.

We will first consider the error assigned in overruling motion to quash each of the counts of the indictment. It is insisted by plaintiff in error that each count is double, vague and uncertain, and that neither states the duty of plaintiff in error as mayor, nor any duty as imposed by Statute, therefore no offense is charged. No charge of any duty imposed by ordinance is found in either count, and the prosecution must necessarily rely upon the violation of some statutory duty to warrant and sustain a conviction. The duties imposed upon the mayor by Statute are found in Art. 2, Chap. 24, of the Cities and Villages Act (Hurd's R. S. p. 311), and Sections 8, 10, 13 and 14, of such Article, are the provisions which have application here.

Section 8 says that the mayor may exercise within the city limits the power conferred upon sheriffs to suppress disorder and keep the peace.

Section 10 provides that the mayor shall perform all such duties as are or may be prescribed by law, or by the city ordinances, and shall take care that the laws and ordinances are faithfully executed.

Section 13 provides that he shall have power, when necessary, to call on every male inhabitant of the city, over the age of 18 years, to aid in enforcing the laws and ordinances, and to call out the militia to aid in suppressing riots and other disorderly conduct or carrying into effect any law or ordinance, subject to the authority of the governor as commander in chief of the militia.

Section 14 provides, in case the mayor or any other

municipal officer shall at any time be guilty of a palpable omission of duty, or shall wilfully and corruptly be guilty of oppression, malconduct, or malfeasance in the discharge of the duties of his office, he shall be liable to indictment in any court of competent jurisdiction, and on conviction shall be fined in a sum not exceeding $1,000.00; and the court in which such conviction shall be had shall enter an order removing such officer from office.

It would serve no good purpose to set out in full in this opinion the various counts of the indictment. After the formal part, the first count charges that the plaintiff in error, being mayor of the City of Granite City, and having been duly elected and qualified, unlawfully did wilfully and intentionally fail and omit to perform his official duty as mayor of said city, in that he did wilfully and intentionally fail, neglect and omit to use any effort and to make any endeavor or attempt whatever to stop gambling and the operation of slot machines, which said gambling was then and there in progress, and said slot machines then and there being operated in violation of the laws of the state of Illinois, at various places in said city of Granite City by Fred Fuger, Harry Bricker, George Coke, Pete Radcliffe, Robert Burns, William Cool, K. A. Mitsareff, James Brittain and Steve Lovas; he, the said Charles A. Uzzell, then and there acting in his official capacity as mayor of said city, as aforesaid, and then and there well knowing that said gambling was then and there in progress, and said slot machines then and there being operated in said city, contrary to the law of the state of Illinois, also then and there well knowing that it was his official duty as mayor of said city to use all means in his power to stop said gambling and said operation of slot machines; and so the grand jurors charge that the said Charles A. Uzzell, mayor of the city of Granite City aforesaid, in manner and form aforesaid, is guilty of a palpable

omission of his official duty, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the said people of the state of Illinois.

The same objections that are urged to this count of the indictment are urged to each of the other counts of said indictment, in this, that they are bad for duplicity and are vague and uncertain.

Replying to the charge that the various counts are double, vague and uncertain, it is insisted by counsel for defendant in error that in each count there is only one breach of duty charged, and that it is not improper to specify a series of acts constituting that breach.

If the pleader in drawing the indictment alleges a series of acts, and said acts as a series constitute but one offense, it does not necessarily make the indictment bad as being double. It is true only one act may be sufficient to charge a breach or make the mayor of the city guilty of a palpable omission of duty or malconduct, but if the pleader sees fit to charge a number of acts, all of which, when considered together, constitute an offense as provided by the Statute, we are not prepared to hold that for that reason the indictment ought to be quashed.

The indictment, and each count thereof, contains all the elements necessary to constitute the offense that it is contended the plaintiff in error has committed. While each count of the indictment may contain surplusage, yet the mere fact that they do does not make them duplicitous. Considering all counts of the indictment in connection with Section 14, of Article 2, of said Chapter 24, of the Revised Statutes, heretofore quoted, we are of the opinion that the counts, and each of them, are sufficient to properly apprize the accused of the nature of the offense with which he is charged, and that the offense is stated so plainly that its nature may be understood by the jury.

"Every indictment or accusation of the grand jury

shall be deemed sufficiently technical and correct, which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury.'' Paragraph 408, Chapter 38, Criminal Code. From the language of the statute just quoted it necessarily follows that the indictment is sufficient, even though not in the language of the statute, if it states the offense charged so plainly that its nature may be easily understood by the jury, and which contains every material and substantial fact required to complete the offense, and the counts are not double. From the indictment, the plaintiff in error was apprized fully of the nature and character of the charge that he was tried for. The charge was so definite and specific and gave him sufficient information that he was in a position to prepare his case for trial. ''Where statutes create offenses, indictments should contain proper and sufficient averments to show a violation of the law.   *   *   *''

''These great niceties and strictness in pleading, should only be countenanced and supported when it is apparent th ʻ the defendant may be surprised on the trial, or unable to meet the charge, or make preparation for his defense, for want of greater certainty, or particulaʌity in the charge. Beyond this, it tends more to the evasion than the investigation of the charge, and becomes rather a means of escaping punishment for crime, than of defense against the accusation.'' Cannady v. People. 17 Ill. 158; White v. People, 179 Ill. 356-360.

While we are of the opinion that there is language used in each count of the indictment that could have been dispensed with, yet we are convinced that it does not make the indictment, or any of the counts thereof, bad, because of the fact that the pleader specifies a series of acts that constitute each breach charged. We therefore are of the opinion that the ruling of the

court in overruling the motion to quash the indictment, and each count thereof, was right.

It is insisted by plaintiff in error that several instructions given on the part of defendant in error are erroneous.

It is argued that instructions one and four of defendant in error are erroneous because they inform the jury that it is their duty to find the defendant guilty if from all the evidence they are satisfied of his guilt, beyond a reasonable doubt, and omits "as charged in the indictment." Taking the instructions as a series and the record as presented in this case, it cannot, with any degree of seriousness, be argued that the jury did not understand that if they found the defendant guilty, they must find him guilty "as charged in the indictment." The omission of the words "as charged in the indictment" in these instructions works no injury to the plaintiff in error.

Instruction No. 2, given for defendant in error, is based on the language of Section 14, of Article 2, Chapter 24, of the Revised Statutes, which section was previously set out in this opinion, and is not erroneous.

Instruction Number 6 of defendant in error, while it would not have been error to refuse the same, we are unable to see where it could have worked any harm to the plaintiff in error in this case.

Instruction Number 8, given on the part of the defendant in error, advised the jury that they are "the sole judges of the weight to be given to the testimony of the defendant," and that in judging its weight they have "the right to consider the reasonableness of the story he tells." It is insisted that this instruction unduly singles out plaintiff in error, and for that reason the instruction is erroneous. So far as we are advised it has been the uniform practice since the adoption of the statute to give instructions which have application only to the evidence given by defendants on trial, and the propriety of such practice seems to have been recognized in the case of Bressler v. People,

117 Ill. 422, and numerous other cases.  In the case of Dunn v. People, 109 Ill. 642, the jury were told with reference to the defendant's testimony that they had "a right to take into consideration his manner of testifying, the reasonableness of his account of the transaction, and his interest in the result."  The court said, "The rule applied to the defendant may be adopted in regard to the testimony of any witness called to testify in the case, and no error is perceived in this charge to the jury."  This instruction, read in connection with instruction Number 1, given on the part of plaintiff in error, which tells the jury that the defendant is a competent witness, in his own behalf, and also informs them that they may take into consideration the fact that he is the defendant, and interested in the result of the trial, give to the jury the law correctly as to what extent they are to take into consideration the interest that the defendant had in the result of the trial and we do not think that instruction Number 8, in any manner, misled the jury.

Plaintiff in error also insists that refused instructions 1 to 5 inclusive should have been given, and that the court erred in refusing each of them.  We deem it necessary to consider only the first and fifth refused instructions.  The first refused instruction starts out by telling the jury that the truth of the disputed fact, or facts, is not to be determined alone by the number of witnesses who may testify for or against the same. The law is that it is for the jury to determine whether the proof of a disputed fact may be determined alone by the number of witnesses that may testify for or against the truth of such fact.  That if a greater number of witnesses testify to the truth of a fact than testify against it, and all the witnesses are of equal credibility, and no fact or circumstance in evidence either corroborates or refutes the testimony of the witnesses as to such fact or facts, then the jury may determine the truth of the fact upon the ground that more witnesses have testified to its truth than testi-

fied against it.   This instruction, in a measure, invades the province of the jury, and in effect tells them that they cannot determine the truth or falsity of a fact from the number of witnesses who testify in favor of or against it.

We are inclined to the opinion that it was not error to refuse this instruction.

Refused instruction Number 5, announced in substance, that Fuger, Radcliffe, Bricker, Brittain, Coke and Gottselig were accomplices, and therefore their evidence should be acted upon with much care and caution. It will be seen by this instruction that the jury are told that these witnesses were accomplices. In some jurisdictions it has been held that where an instruction is offered instructing the jury how they should act upon and receive the testimony of accomplices, it should be done in such a way as to leave the question whether the witnesses are accomplices to be determined by the jury. This precise question, so far as we have been able to ascertain, has not been passed upon in this state by the court of last resort. This instruction, within itself, undertakes to confine the jury to a particular part of the evidence alone. The jury should be left to determine the case from the whole of the testimony. We are not prepared to say that these witnesses are, as a matter of law, accomplices of the plaintiff in error, and the trial court committed no error in refusing this instruction.

Other errors are assigned which are not discussed and are therefore waived. Where it appears from the whole record that substantial justice has been done, judgment will not be reversed by reason of erroneous instructions provided no prejudice has resulted therefrom. People v. Anderson, 239 Ill. 168; Dacey v. People, 116 Ill. 555.

If the jury believed the evidence of the witnesses for the prosecution, they were justified in returning the verdict that they did. The jury saw the witnesses, and were in a position to observe their manner and

demeanor while testifying, and under an instruction, given by the plaintiff in error, it was pointed out the test that should properly be applied to the witnesses in determining what weight and credit should be given them.

We are therefore of the opinion that the jury were fully instructed as to the law of this case, and if they believed the witnesses for the people, they were justified in finding the defendant guilty.

The judgment of conviction therefore is affirmed.

*Affirmed.*

SHIRLEY, J., dissenting.   In my opinion the witnesses named in instruction number five asked by plaintiff in error and refused were accomplices, and the jury should have been instructed as to the weight and credit to be given their testimony.   When such witnesses testified they were as they testified *particeps criminis* with defendant in the commission of the alleged crimes and were, so far as their credibility as witnesses was concerned, accomplices, and it was not necessary the jury should believe from the evidence they were actually such.   They testified as such and this was sufficient to entitle defendant to an instruction as to what weight and credit the jury should give their testimony as accomplices.   As I understand the opinion it holds the instruction should have left it to the jury to determine whether they were actual accomplices, and if the jury found they were then their testimony should be weighed as such.   By this reasoning the jury would have to believe the defendant guilty before they could weigh their testimony which seems to me illogical.   These witnesses were not on trial themselves but were only witnesses.   The instruction should have been given and its refusal in this case was highly prejudicial to plaintiff in error.