(No. 32582.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD J. HAMMOND, Plaintiff in Error.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

DONALD J. HAMMOND, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is a writ of error to review a judgment of the criminal court of Cook County. The record contains only a transcript of the common-law record. The plaintiff in error was granted leave to file a writ of error in this court as

a poor person and appears *pro se.* He was indicted by the grand jury at the May, 1949, term of said court for the crime of burglary.

The record shows that on April 24, 1951, plaintiff in error appeared in court in person and pleaded guilty to the first count of the indictment, and was adjudged guilty of the crime of burglary and sentenced to a term of ten to fifteen years in the Illinois State Penitentiary, where he is now confined.

The pertinent portion of the first count of the indictment reads as follows: "That one Frank Adam Herzio otherwise called Frank Herzig and one Donald J. Hammond otherwise called Donald Hammond late of the County of Cook, on the twenty-first day of January in the year of our Lord one thousand nine hundred and forty-nine, in said County of Cook, in the State of Illinois aforesaid, feloniously, burglariously, wilfully, maliciously and forcibly did break and enter a certain building, to-wit: Office of Internal Revenue, then and there in the lawful possession and control of the United States of America, then and there belonging to said United States of America and then and there situated at Number Sixty-two East One Hundred Fifty-fourth Street in Harvey, Cook County, Illinois, * * *."

The contention of plaintiff in error in this court is that the offense described in the first count of the indictment was purely a case of burglary against the property of the United States of America and should have been tried in a Federal Court; that there was no crime against the State of Illinois; that the criminal court of Cook County lacked jurisdiction of the subject matter and that the judgment and sentence of that court is void for lack of jurisdiction to try the cause.

Because of the facts recited, plaintiff in error claims that he has been deprived of his State and Federal constitutional rights for which the judgment and sentence of the criminal court of Cook County should be reversed.

The question raised by plaintiff in error has been the source of much litigation in both the State and Federal courts. The general rule has been many times defined as follows: "Except insofar as the right to punish particular offenses may be exclusive in the federal or state legislatures, the same act may be defined and punished as an offense against the state and against the United States. 22 Corpus Juris Sec. (Criminal Law, par. 131.) Jurisdiction to punish for a crime committed within the acknowledged limits of a state belongs to the state, unless it conclusively appears to be within the exclusive jurisdiction of the federal courts. Where this is not done, the same act may be punished as an offense against the United States and also an offense against the state. (*Westfall* v. *United States,* 274 U.S. 256, 71 Law ed. 1036.) In *United States* v. *Lanza,* 260 U.S. 377, 67 Law ed. 314, where the defendant was charged with the illegal manufacture of intoxicating liquor, the court held that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both, and may be punished by each."

The same act may constitute a criminal offense against the United States and the State, subjecting the guilty party to punishment under the laws of each, provided the act is one over which both sovereignties have jurisdiction. 14 Am. Jur. p, 919, par. 216.

Under sections 36 to 39, inclusive, of division I of the Criminal Code of Illinois, (Ill. Rev. Stat. 1951, chap. 38, pars. 84 to 87,) any person who forcibly breaks and enters any dwelling house or other building with intent to commit robbery or other named crimes, shall be deemed guilty of burglary, and imprisoned in the penitentiary.

The allegations of the indictment charging that the building which was burglarized was "then and there in the lawful possession and control of the United States of America, then and there belonging to the United States of America" do not conclusively show that the United States

has exclusive jurisdiction over the property for the enforcement of the criminal laws.

In chapter 143 of the statutes (Ill. Rev. Stat. 1951, chap. 143,) the State of Illinois has ceded to the United States exclusive jurisdiction over certain government lands acquired for public purposes within the State of Illinois. In paragraph 24 of said chapter, it is stated that "exclusive jurisdiction over any land so acquired by the United States shall be, and the same is hereby, ceded to the United States, for all purposes except the administration of the criminal laws and the service of all civil process of this state." Paragraph 30 of said chapter provides that "Exclusive jurisdiction in and over any land so acquired by the United States shall be, and the same is hereby, ceded to the United States, for all purposes except that the State retains the right to serve thereon all civil and criminal process issuing under the authority of the State and the right to make arrests thereon of persons violating State laws." Paragraph 31 provides that "The jurisdiction hereby ceded shall not vest until the United States shall have acquired the title to the said lands by purchase, condemnation or otherwise."

The allegations of the indictment in this case reciting that the building which was burglarized was "then and there in the lawful possession and control of the United States of America, then and there belonging to the United States of America" do not establish that the United States has exclusive jurisdiction over the property for the purpose of enforcement of the criminal law. That question depends upon the authority under which the United States acquired jurisdiction over the property, and the extent to which Illinois has ceded or retained jurisdiction over the property for the enforcement of its criminal laws. The allegations of the indictment do not determine that question.

In view of the statutory situation, it cannot be said that just because an offense is committed upon the property of

the United States of America, the State courts have thereby lost jurisdiction over the offense.

We believe the burden rests upon the defendant to establish clearly that the crime was committed in an area over which the United States had exclusive jurisdiction. Unless such facts are proved, the State had the right to punish for the crime of burglary committed within its boundaries.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*