People of the State of Illinois, Plaintiff-Appellant, v. Alexander O. Walter and Edward M. Koza, Defendants-Appellees.

**Gen. No. 47,613.**

First District, Third Division.

May 15, 1959.

Released for publication November 12, 1959.

Benjamin S. Adamowski, State's Attorney, of Chicago (Francis X. Riley, Edward J. Hladis, Assistant State's Attorneys, of counsel) for plaintiff-appellant.

George F. Callaghan, of Chicago (Samuel Nineberg, of counsel) for Alexander O. Walter, defendant-appellee.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order entered in the Criminal Court of Cook County, sustaining the motion of defendant Walter to quash the indictment and ordering the dismissal of the indictment and that each defendant be discharged.

The indictment here sounded in conspiracy and in short alleged that defendant Walter, who was an assistant United States district attorney in charge of the grand jury, conspired with defendant Koza for the payment of money by one Irving Stenn, Sr. to prevent

the issuance of a subpoena before that grand jury to Stenn.

The grounds urged in the motion to quash the indictment are (1) there is no charging clause in the indictment as to the crime of conspiracy; (2) the indictment does not state an offense under the laws of Illinois; (3) the acts charged in the indictment are within the exclusive jurisdiction of the courts of the United States, and defendants therefore are not indictable under the laws of the State of Illinois; (4) the indictment is void for duplicity.

 Here the indictment is phrased in the language of the statute of the State of Illinois relating to conspiracy, and, in addition to that language, specific acts are alleged which would constitute the offense. In People v. Peters, 10 Ill.2d 577 at 580, the court pointed out that the necessity for definiteness in an indictment is to definitely advise the accused of the specific offense charged against him, so that he will be able to prepare fully for his defense and later to plead the judgment in bar of a subsequent prosecution for the same offense, if necessary. Then the court said:

"The Illinois Criminal Code provides that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. . . .

"As a general rule it is sufficient in an indictment or information to state the offense in the language of the statute in those cases where the statute clearly defines the offense. (Gallagher v. People, 211 Ill. 158.) However, where the statute does not define or describe the act or acts constituting the offense created, such acts must be specifically alleged."

The indictment here complies with both of those requirements.

 It has been repeatedly held that the gist of the crime of conspiracy is the making of the unlawful agreement to do the unlawful act, or acting unlawfully, People v. Nathanson, 389 Ill. 311, at 316; People v. Kahn, 256 Ill. App. 415, at 418; People v. Drury, 250 Ill. App. 547, at 567; 11 I. L. P., Conspiracy, § 52. In People v. Buckminster, 282 Ill. 177, it was urged that the state did not have jurisdiction, because the wrongful acts to be done were to be done outside of the State of Illinois. On page 181 the court said:

"The position of the plaintiff in error is that a conspiracy formed in this State for the doing of wrongful acts in another State is not punishable under the statute of Illinois. The statute is not so restricted. It punishes the act of conspiring to do certain wrongful acts without regard to where such wrongful acts are to be done."

The acts themselves to be accomplished need not necessarily be unlawful, if the means to accomplish the ends are unlawful. People v. Braun, 375 Ill. 284, at 286–7; Franklin Union No. 4 v. People, 220 Ill. 355, at 376. It is entirely unnecessary to the crime of conspiracy to prove that any overt act toward the accomplishment of the unlawful purpose was ever done. People v. Glassberg, 326 Ill. 379, at 388. The indictment does charge the co-defendants as participants in the crime of conspiracy, and it does state an offense under the laws of the State of Illinois.

Defendant asserts that the State of Illinois does not have jurisdiction in this matter, because the courts of the United States have exclusive jurisdiction. The bases of the assertion of exclusive jurisdiction are that (1) because defendant Alexander O. Walter was employed at the time of the alleged conspiracy as an Assistant United States District Attorney for the

Northern District of Illinois, he is triable only in the United States courts; and (2) because the unlawful act toward which the alleged conspiracy was directed was the obstruction of justice of the United States courts, it was within their jurisdiction exclusively.

■ It has been held repeatedly that an officer or agent of the United States engaged in the performance of a duty arising under the laws and authority of the United States is not liable to a criminal prosecution in the courts of a state for acts done by him in his official capacity. In re Waite, 81 Fed. 359. The same general principle was enunciated in Tennessee v. Davis, 100 U. S. 257, where a deputy collector of internal revenue, whose duty it was to seize illicit distilleries, was assaulted and fired upon by a number of armed men while he was attempting to perform his duties. In defense of his life he returned the fire, killing one of his attackers. He was indicted for the crime of murder in the court of Tennessee. It was held that the United States courts had exclusive jurisdiction, and the removal of the proceeding from the state court to the federal court could be compelled. In re Leaken, 137 Fed. 680, is a case in the Circuit Court of the Southern District of Georgia, Eastern Division, which involved a United States district attorney who had subpoenaed records from a county court for a grand jury's use and turned those records over to the grand jury. After the grand jury had finished with their use, it returned the records to the district attorney. The district attorney failed to return the records to the county court, and the county court held him in contempt for that failure. The United States court issued a writ of *habeas corpus.* In language which appears to us to be decisive in all these cases the court at page 682 said:

. "Under this state of facts it is evident that the relator is held in custody under a proceeding in, and

133

■■■■■■

on a warrant from, the county court of Effingham county, for and on account of duties devolving on, but not performed by, him as assistant United States attorney. . . . Being in possession of the records, if it was the duty of the relator to return them to their normal and lawful custodian, such duty devolved on him solely because he was the assistant district attorney of the United States having charge of the proceedings before the United States court wherein the records had been used. . . . It seems clear then that the relator is in custody by reason of the judgment and warrant of the county court of Effingham county for the nonperformance, or omission, of a duty devolving upon him as an officer of the United States. Under sections 753 and 761 of the Revised Statutes of the United States [U. S. Comp. St. 1901, pp. 592, 594], the Circuit Court of the United States has jurisdiction to release on habeas corpus any person held in custody by any person or party for an act done or omitted in pursuance of the laws of the United States."

It is clear that, by that test, the crime charged here being conspiracy was not done in the course of business and pursuant to the authority of defendant Walter as assistant United States district attorney. For that reason certainly jurisdiction of the United States court in this matter is not exclusive.

■■■ A conspiracy to obstruct federal justice is no doubt a matter of federal jurisdiction. In Sneed v. United States, 298 Fed. 911, defendants had conspired to give liquor to a juror and to give the same juror money for the purpose of hanging the jury in a federal case. The court laid down the rule that a conspiracy to commit such a crime is an offense against the United States. The fact that it was a civil matter against which the conspiracy was directed is not important. The court said on page 912: "The justice being ad-

ministered was the justice of the United States, and its purity and freedom is to be protected by federal law."

In the case of Davey v. United States, 208 Fed. 237, the court held that a grand jury is an integral part of the court, and an attempt to bribe a witness before a grand jury is obstructing justice. The court decided in the case of In re Loney, 134 U. S. 372, that perjury in a federal tribunal is an exclusive federal matter, as it is essential to the power of the court that it protect itself against such perjury.

Furthermore the statutes of the United States provide that obstruction of the due administration of justice is a federal offense, 18 U. S. C. A. 1503, and that conspiracy to commit an offense against the United States is also a federal offense. 18 U. S. C. A. 371.

There is no specific statement that the obstruction of justice in the federal courts is a matter of exclusive federal jurisdiction. If the charge here were obstructing justice, it might well be that, by the analogy of In re Loney, it would be exclusively a federal matter, and that, by the decision of Davey v. United States, interference with the federal grand jury would be obstructing justice, and that the United States courts had exclusive jurisdiction.

██ ██ Here, however, the charge is not a charge of obstructing justice, but the charge of committing a conspiracy. As we have already stated, the gist of such an action is the agreement, the conspiring, and it makes no difference as to the nature of the act to be done, or whether it was accomplished. In People v. Hammond, 1 Ill.2d 65, at 67, the Illinois Supreme Court said:

"Jurisdiction to punish for a crime committed within the acknowledged limits of a state belongs to the

135

state, unless it conclusively appears to be within the exclusive jurisdiction of the federal courts. Where this is not done, the same act may be punished as an offense against the United States and also an offense against the state. . . .

"The same act may constitute a criminal offense against the United States and the State, subjecting the guilty party to punishment under the laws of each, provided the act is one over which both sovereignties have jurisdiction."

We are therefore of the opinion that the Criminal Court of Cook County, Illinois, had jurisdiction over defendant Walter. In doing the acts with which he is charged, he was not acting in his official capacity as assistant United States district attorney, and the charge of conspiracy to obstruct federal justice is a charge where both the State and the United States courts have jurisdiction.

Defendants' contention in this case, that the indictment brought against them by the State was duplicitous, is not supported by the cases. The federal courts have held consistently that indictments do not necessarily become duplicitous when they incidentally include in one count charges of crimes other than that of the principal charge. In Braverman v. United States, 317 U. S. 49, at 54, the court reviewed the law on duplicity as follows:

"The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.' Frohwerk v. United States, 249 U.S. 204, 210; Ford v. United States, 273 U.S. 593, 602; United States v. Manton, 107 F.2d 834, 838. A conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object. United States

136

v. Rabinowich, supra, 87–9; United States v. McElvain, 272 U. S. 633, 638; see United States v. Hirsch, 100 U.S. 33, 34, 35."

This language was quoted favorably by the United States Court of Appeals for the seventh Circuit in United States v. Lutwak, 195 F.2d 748, at page 753.

■ In Illinois the accepted principles in regard to duplicity are set forth in People v. Barrett, 405 Ill. 188, at 194:

"With respect to the assertion that count 1 is duplicitous, defendant argues that where one is charged with a number of embezzlements from separate individuals, in separate amounts, such charges cannot be joined in one count of an indictment. . . . Duplicity in an indictment arises from charging more than one offense, not from charging a single offense committed in more than one way, or pleading different acts contributing to the ultimate charged offense. (United States v. B. Goedde & Co., 4 Fed. Supp. 523.) Where two offenses arise out of a single transaction, a single indictment may contain counts as to each offense, or the offenses may be joined in the same count. (People v. Arnold, 396 Ill. 440.) From the foregoing it may be seen that whether the allegations of the indictment here charge separate embezzlements, or merely a pleading of separate acts which ultimately constitute a charge of one offense, they were properly joined in one count since they arose from one transaction, in the same manner, time and place."

The embezzlement charges discussed above are clearly analogous to the conspiracy charges in the instant case. See also Uzzell v. People, 173 Ill. App. 257. See generally 17 West Ill. Digest, Indictment and Information, § 125 (5½), pp. 491–2.

For the reasons above stated the order of the court below of May 6, 1958, quashing the indictment, is re-

137

versed and the cause is remanded with directions to proceed in a manner consistent with the views herein expressed.

Reversed and remanded with directions.

FRIEND, P. J. and BURKE, J., concur.

ON REHEARING.

Having re-examined the record and briefs, we have decided to adhere to our original opinion.

We have considered again the point that Alexander O. Walter was forced to testify in this case and that the court overlooked the fact and that there was no other person testifying sufficient to warrant the return of the indictment, and find that the endorsement on the indictment shows that numerous persons testified. The point has been decided in Boone v. The People, 148 Ill. 440, 449, in that he was before the Grand Jury but did not testify in this case.

For the reasons indicated, our opinion as originally filed is affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.