The People of the State of Illinois, Defendant in Error, v. Nathan Blum, Plaintiff in Error.

Gen. No. 17,675.

Municipal Courts—*information must be signed and verified by informant.* By virtue of the Municipal Court Act, section 27, where an information for wife abandonment, filed in the Municipal Court of Chicago, does not show on its face that it was signed or verified by the affidavit of the informant, the wife, presenting the same, the court has no jurisdiction to enter a judgment of conviction.

Error to Municipal Court of Chicago, the Hon. Charles N. Goodnow, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 3, 1912.

Herman Frank, for plaintiff in error.

John E. W. Wayman, for defendant in error; Zach Hofheimer, of counsel.

Mr. Presiding Justice Gridley delivered the opinion of the court.

Nathan Blum, plaintiff in error, was tried before one of the judges of the Municipal Court of Chicago (he having waived a trial by jury), was found guilty "in manner and form as charged in the information," and was adjudged by the court to be guilty of the criminal offense of "abandoning, without good cause, his wife and neglecting and refusing to maintain and provide for her on said finding of guilty," and he was ordered to pay said Bertha Blum the sum of seven dollars weekly on Monday of each week for and during the period of one year. The case was commenced by the filing, on May 25, 1911, of the following information, after the court had granted leave to file the same:

"Bertha Blum, a resident of the City of Chicago, in the county and state aforesaid, in her own proper person, comes now here into court and, gives the court

to be informed * * * that Nathan Blum, late of the City of Chicago, heretofore, to-wit, on the 4th day of May, A. D. 1911, at the City of Chicago, in said County of Cook, * * * being then and there the lawful husband of Bertha Blum and she the said Bertha Blum then and there being the lawful wife of him, the said Nathan Blum, and they the said Bertha Blum and said Nathan Blum having before and up to said time lived and cohabited together, as husband and wife, he the said Nathan Blum did then and there wrongfully and unlawfully, and without good cause, abandon and neglect and refuse to maintain and provide for his said wife, the said Bertha Blum, contrary to the statute, * * *

NATHAN BLUM.

STATE OF ILLINOIS, }
COUNTY OF COOK, } ss.
CITY OF CHICAGO. }

Bertha Blum, being first duly sworn, on oath, deposes and says that she has read the foregoing information by her subscribed and knows the contents thereof, and that said information and the matters and things therein stated are true.

NATHAN BLUM.

Subscribed and sworn to before me this 25th day of May, A. D. 1911.

(SEAL)                    CHARLES N. GOODNOW,
Judge of the Municipal Court
of Chicago.''

This writ of error is prosecuted to reverse the judgment, and counsel for plaintiff in error contends (1) that the judgment of the court, based upon an information which is neither signed nor verified by the affidavit of the person presenting the same, is void and of no effect, and (2) that the judgment as to the amount of support money to be paid is clearly excessive.

The information does not appear on its face to have been signed or verified by the affidavit of the person presenting the same, and, by virtue of the provisions of section 27 of the Municipal Court Act and under the

decisions of People v. Nelson, 150 Ill. App. 595, Klawanski v. People, 218 Ill. 481, People v. Zlotnicki, 246 Ill. 185, the court had no jurisdiction to enter a judgment based upon such an information. It is unnecessary to discuss the second point made by counsel.

The judgment of the Municipal Court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*