## The People of the State of Illinois, Defendant in Error, v. Howard Ellis, Plaintiff in Error.

### Gen. No. 19,648. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Prosecution by The People of the State of Illinois against Howard Ellis on an information charging that defendant: "On or about the first day of January, A.

D. 1913, at the City of Chicago, aforesaid, did then and there not being the parent or legal guardian or person having legal custody of him, the said Ward Swalwell, a dependent, neglected or delinquent child, did knowingly and willfully do such acts that did directly produce, promote and contribute to rendering the said Ward Swalwell, a minor child under the age of seventeen years, to-wit, fourteen years, dependent and delinquent.''

The defendant pleaded guilty and was sentenced by the court to confinement in the House of Correction at labor and to pay the costs, from which conviction he brings error.

NORTHUP, ARNOLD & FAIRBANK, for plaintiff in error.

MACLAY HOYNE, for defendant in error; FRANCIS E. HINCKLEY, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 409*—*when sufficiency of information must be questioned below.* Defects in an information which do not go to the merits of the case on the guilt or innocence of the accused cannot be raised for the first time on review.

2. CRIMINAL LAW, § 409*—*when unnecessary to question sufficiency of information below.* Where the information charges no crime, or is in other respects fatally defective, such defects may be taken advantage of by writ of error after a plea of guilty, regardless of whether or not the sufficiency of the information was questioned in the trial court.

3. INFANTS, § 5a*—*who are dependent, neglected and delinquent children.* Under Hurd's R. S. ch. 23, sec. 169, J. & A. ¶ 3386, the words "dependent child" and "neglected child" are synonymous, but the term "delinquent child" is given a different meaning.

4. INFANTS, 5a*—*when information for contributing to dependency or delinquency insufficient.* In a prosecution for contributing to the dependency or delinquency of a child an information referring to the child by way of recital merely, as being "dependent,

neglected or delinquent," but containing no averment from which the court could determine whether he was charged with being a dependent or a neglected or a delinquent child, is sufficient.

5. INDICTMENT AND INFORMATION, § 22*—*how facts required to be stated.* Every fact and circumstance stated in an indictment must be laid positively, and cannot be stated by way of recital.

6. INDICTMENT AND INFORMATION, § 29*—*necessity for certainty in allegations.* In an indictment or information the facts must be charged with such certainty as to enable defendant to know with what he is charged and to enable him to prepare his defense, and also to identify the offense sufficiently so that the judgment may be shown in support of a plea of former jeopardy.

7. INDICTMENT AND INFORMATION, § 22*—*when disjunctive "or" and conjunctive "and" may be used.* In negative averments the disjunctive conjunction "or" may be used, but in affirmative averments where terms that are not synonymous are used, certainty in the indictment requires the use of the conjunction "and."

8. INFANTS, § 5a*—*when information for contributing to dependency or delinquency insufficient as alleging conclusions.* In a prosecution for contributing to the dependency or delinquency of a child, an averment in the information that defendant "did * * * do such acts that did directly produce, promote and contribute," etc., without stating what acts defendant was charged with doing, or whether the effect of such acts was to render the child "dependent and neglected," or to cause him to become a "delinquent child," is a mere conclusion and insufficient.

9. INFANTS, § 5a*—*when information charging contributing to dependency or delinquency uncertain.* In a prosecution for contributing to the dependency or delinquency of a child, the information was *held* not to state the offense charged in the language of the statute creating the offense, nor so plainly that the nature of the offense might be easily understood by the jury.

10. CRIMINAL LAW, § 599*—*when cause remanded on reversal.* Where a judgment of conviction for contributing to the dependency or delinquency of a child is reversed for amendable defects in the information, and the statute of limitations has not run against the offense charged, the cause will be remanded to the court below.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.