The People of the State of Illinois, Defendant in Error, v. Robert E. Ryan, Plaintiff in Error.

Gen. No. 34,545.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed January 26, 1931.

McDonnell & McDonnell, for plaintiff in error.

JOHN A. SWANSON, State's Attorney, for defendant in error; EDW. E. WILSON and GRENVILLE BEARDSLEY, Assistant State's Attorneys, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error the defendant, Robert E. Ryan, seeks to reverse a judgment entered by the municipal court of Chicago whereby he was found guilty of unlawfully carrying a revolver concealed upon his person, in violation of the statute, and sentenced to one year in the House of Correction.

The case was tried before the court without a jury, both the People and the defendant being represented by counsel. When the defendant was arraigned he stood mute, whereupon it was ordered that a plea of not guilty be entered. The court then heard the evidence of witnesses, argument of counsel, found the defendant guilty, and imposed the sentence as stated. We have only the common law record before us. What took place on the trial is not preserved by a bill of exceptions.

Counsel for the defendant in their brief state that: "The plaintiff in error demanded a jury trial." There is nothing in the record to warrant such statement. The defendant contends that no order of record was entered showing that he waived his right to a trial by jury, and it is contended that without such an order the court was without jurisdiction to try the case. Nothing appears affirmatively in the record as to whether the defendant waived his right to a trial by jury, but it appears that he was represented by counsel, that he was arraigned, refused to plead, and the court ordered that a plea of not guilty be entered. Thereupon the case proceeded to trial and the court then heard the evidence and the argument of counsel.

While it has been held by the Supreme Court of Minnesota in *State v. Graves,* 161 Minn. 422, that a person charged with a misdemeanor may, by acquiescence in a trial by the court without a jury, be held to have waived a jury and that a formal waiver was not essential, yet we think that in this State the waiver of a jury by a defendant in a criminal prosecution must affirmatively appear of record. *People v. Fisher,* 340 Ill. 250. In that case our Supreme Court held that a defendant in a criminal prosecution might waive a jury and be tried by the court whether the offense charged against him be a misdemeanor or a felony. But in such case, the court said, the waiver of a jury must be expressly and understandingly made; that a waiver would not be implied; and (p. 257) that "The right of an accused person to a jury trial is absolute to the extent that he may have such a trial by claiming it or even by withholding his consent to proceed without it. The State owes to a person charged with crime a fair and impartial trial, including a strict compliance with every constitutional guaranty." And the court there (p. 259) quoted from the opinion in *People v. Scates,* 4 (3 Scam.) Ill. 351, as follows: " 'The constitution requires that an accused person shall have a speedy and impartial trial by a jury of the vicinage. This is for his benefit and protection and the clause was inserted in all our constitutions. . . . It is, then, a constitutional right which every man has to be tried by a jury of his neighborhood. . . .' " The court then referred to the case of *Normaque v. People,* Breese (1 Ill.) 145, and said, quoting from the *Scates* case: "This case means nothing more than this, that a prisoner in a capital case is not to be presumed to waive any of his rights; but that he may, by his express consent, admit them all away, can be neither doubted nor denied. He may certainly plead guilty, and thus deprive himself of

one of the most valuable rights secured to the citizen—
that of a trial by jury. If he can expressly admit
away the whole case then it follows that he can admit
any part of it, but will not be presumed to have done
so; the consent must be expressly shown, and this is
the whole scope of the doctrine in the case referred
to.'' And continuing the court in the *Fisher* case said
(p. 265): ''The value of trial by jury has been estab-
lished by long experience and the institution should be
safeguarded. Upon the trial court is imposed the duty
to see that an accused person's election to forego such
a trial is not only expressly but also understandingly
made. The performance of that duty involves a re-
sponsibility which cannot be perfunctorily discharged.''

In the instant case there was no waiver of a jury
trial by the defendant, and under the holding in the
*Fisher* case we are of the opinion that a waiver of a
jury trial in a criminal case must affirmatively appear,
and it must further appear that the waiver was ex-
pressly and understandingly made. Since the record
fails to show that defendant waived a trial by jury, the
judgment of the municipal court of Chicago must be
reversed.

The judgment of the municipal court of Chicago is
reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.