**Bertha Andres, Defendant in Error, v. Louis Chillow, Plaintiff in Error.**

**Gen. No. 36,975.**

Opinion filed January 15, 1934.

Roy S. Gaskill, for plaintiff in error.

Rust, Creighton & Quan, for defendant in error.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against the defendant to recover damages for personal injuries claimed to have been sustained by her as a result of being struck by an automobile, alleged to have been owned and driven by the defendant. At the time plaintiff instituted her suit she filed a demand for a jury trial and paid the $8 fee for the services of a jury, as provided by statute, sec. 33, ch. 53, Cahill's Statutes, par. 47. When the case was called for trial an order was entered on motion of plaintiff and over defendant's objection, that a trial of the cause by jury be waived. Defendant demanded that the case be submitted to a jury, which demand the court denied. The case was then heard and there was a finding and judgment in plaintiff's favor for $1,400, and defendant appeals.

Defendant contends that the court was without authority to hear the case without a jury, and that is the sole question for decision. Sec. 33, ch. 53 of the statutes provides that "In counties of the third class the clerk of the court shall be entitled to receive, in addition to other fees allowed by law, the sum of eight dollars as a fee for the services of a jury. . . . Such fee shall be paid by the plaintiff, complainant or petitioner at the time of the commencement of such action or suit, . . . or, if not so paid by the plaintiff, complainant, petitioner or appellant, shall be paid by the defendant, respondent or appellee at the time of entering his appearance. If such fee shall not be paid by either party, no jury shall be called in the

action, suit or proceeding, and the same shall be tried by the court without a jury.''

Section 5 of article 2 of the constitution of this State provides: ''The right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law.'' And it has been held that this provision of the constitution for a jury trial shall be liberally construed in favor of the right. *Morrison Hotel & Restaurant Co. v. Kirsner,* 245 Ill. 431. And the same view has been taken in the trial of criminal cases. *People v. Fisher,* 340 Ill. 250; *People v. Bruner,* 343 Ill. 146; *People v. Kelly,* 347 Ill. 221; *People v. Ryan,* 259 Ill. App. 536. Under our constitution it has also been held that a litigant's right to trial by jury, as provided in the constitution, is not infringed by the requirement that a jury fee, fixed at a reasonable amount, be paid by one of the parties prior to calling the jury. *Williams v. Gottschalk,* 231 Ill. 175.

The question then arises as to the meaning of the provision of the statute above quoted requiring the payment of a jury fee as a prerequisite to the right of a jury trial. The statute plainly says that in counties of the third class the clerk of the court shall be entitled to receive $8 as a fee for the services of a jury; that such fee shall be paid by the plaintiff at the time he commences his action or suit; but that if such fee is not paid by the plaintiff it shall be paid by the defendant at the time of entering his appearance; that if such fee is not paid no jury will be called, but the action shall be tried by the court without a jury. Cook county is a county of the third class. We think the statute is plain and unambiguous. In the instant case, plaintiff paid the jury fee when she commenced her action. No further fee was required

to insure a jury trial, and the court erred in denying the defendant's motion for a jury trial.

The judgment of the circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.