(No. 28334.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD VAUGHN, Plaintiff in Error.

*Opinion filed May 23, 1945.*

362

ELLIS & WESTBROOKS, and KIMBALL SMITH, (RICHARD E. WESTBROOKS, of counsel,) all of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and JOHN W. CURREN, State's Attorney, of Springfield, (ROY M. RHODES, and THOMAS W. HOOPES, both of Springfield, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Edward Vaughn, hereinafter called the defendant, was indicted and tried in the circuit court of Sangamon county for the crime of forcible rape against the person of the prosecutrix. He entered a plea of not guilty, was tried before a jury and, at the close of all the evidence, was found guilty as charged in the indictment. He was sentenced to the penitentiary for a term of twenty-one years. Motion to set aside the verdict and for a new trial was overruled and the defendant was sentenced accordingly. No motion was made to quash the indictment.

Numerous errors are assigned but they group themselves in about five questions: (1) Whether the People proved the guilt of the defendant beyond a reasonable doubt; (2) the rulings of the court on evidence; (3) instructions to the jury; (4) improper conduct of the State's Attorney in his examination of witnesses and prejudicial remarks in his argument to the jury, and (5) the defendant did not receive a fair and impartial trial as guaranteed by the constitution.

The facts and circumstances as shown by the evidence are as follows: On October 3, 1943, the prosecutrix left the downtown district in Springfield, enroute to her home at 1803 East Jefferson street. She was alone and the time was around 1:00 o'clock A.M. At Fifth and Jefferson streets she stopped and inquired as to whether or not the bus had left the corner and was told by someone standing there that she had missed it. She then proceeded in the direction of her home and upon reaching an alley in the middle of the block between Fourteenth and Fifteenth streets, on Jefferson, a man came up behind her, placed his hand over her mouth, dragged her between two houses, threatening, if she holloed, to cut her throat, then threw her on the ground and, with force and against her will, committed the act as charged in the indictment; that in

accomplishing his purpose he broke one of a number of glass jars contained in a bushel basket sitting in the alley; that he then permitted her to arise and she emerged from the alley and ran two blocks to her home. She was crying when she arrived and told her father what had happened. The next morning, accompanied by her sister and brother-in-law, she went to the police station and reported the matter, which resulted in the arrest of the defendant.

The evidence reveals that the defendant, a colored man, weighing some 180 pounds, was employed at the yards of the Chicago & Alton Railroad Company and resided with his wife at 1614 East Mason street, in Springfield; that he knew the prosecutrix and, as he testified, on two occasions had conversations with her; that in the second conversation he met her while he was going in the same general direction and talked to her about his dog which he was taking for a walk. He testified she told him she did not have a dog but did have some kittens; that he asked her if he might have one of her kittens. Prosecutrix testified that he had talked to her on four different occasions and that at one time, prior to the date of the alleged offense, as she was on her way home, about four o'clock in the afternoon, the defendant walked behind her and asked her if she was married and if he could come over to her house and see her; that she told him "no" and that he was entirely out of his place; that he later accosted her on the street and asked her if she had thought about what he had said; that she did not answer him and walked on without saying anything.

The prosecutrix positively identified the defendant as being the person who committed the alleged act. The defendant denied the accusation and testified he attended a picture show on the night of October 3, and did not leave until the last show was over; that they turned the lights on and there was no more show when he got out; that he proceeded down the street to the Eighth Street Tavern

and remained there a short time observing an argument; that when it quieted down he went on his way down Jefferson and Madison to his home, arriving there at twenty minutes to one.

The defendant contends that he was not proved guilty beyond a reasonable doubt by competent evidence and insists that where a conviction for rape depends upon the testimony of the prosecuting witness and defendant denies the charge, the testimony of the prosecutrix must be corroborated. This rule, however does not apply where the testimony of the prosecutrix is clear and convincing. (*People v. Polak,* 360 Ill. 440; *People v. Sciales,* 345 Ill. 118.) Corroboration of her testimony was her complaint when she ran crying to her home from the scene of the alleged crime and complained to her father. In cases of a prosecution for rape or for an assault with an intent to commit rape, it may be proved by testimony of third persons that the prosecutrix made complaint to them, provided such complaint is made as soon as practicable, or without any inconsistent delay. This is an exception to the general rule that hearsay evidence is inadmissible. The law allows the exception upon the generous supposition that a woman thus wronged will be prompted to express her indignation at the injury inflicted upon her. The fact that the prosecutrix made a complaint immediately after the occurrence is allowed to be proved because it tends to corroborate her testimony as given on the trial.

The question, however, before the jury for determination was whether the defendant or the prosecutrix told the truth. It is apparent the jury, in the discharge of that function, believed the prosecutrix and not the defendant. The jury, acting within the province committed to it, has passed upon the credibility of the witnesses and has determined the weight of the evidence. . *People v. Hiddleson,* 389 Ill. 293.

It is urged by the defendant that he was not sufficiently identified and that his identification was not proved beyond a reasonable doubt; and that the testimony was insufficient because he was not identified except by the testimony of the prosecutrix. In the instant case, the evidence reveals the prosecutrix had talked with the defendant on different occasions, and she testified that when he started to drag her into the alley she was able to see him because she turned around and saw his face and that she also saw him at the police station after the crime was committed, at the time of his arrest; that she viewed the defendant at that time. It is true the defendant was alone at the time the prosecutrix saw him at the police station but the law does not require that the People must place a defendant among a group of persons for the purpose of testing whether an identifying witness can point him out as the guilty party. (*People* v. *Minor,* 388 Ill. 436; *People* v. *Barad,* 362 Ill. 584.) The testimony of one witness as to identification, if positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. (*People* v. *Minor,* 388 Ill. 436; *People* v. *Eckman,* 380 Ill. 413; *People* v. *Bloom,* 370 Ill. 144; *People* v. *Kerbeck,* 362 Ill. 251; *People* v. *LeMar,* 358 Ill. 58; *People* v. *Fortino,* 356 Ill. 415.) We have analyzed the cases cited by the defendant upon this question and, in particular, the case of *People* v. *Grizzel,* 382 Ill. 11, and while we find no fault with the principle therein announced, that the burden rests upon the People to prove beyond a reasonable doubt, not only the commission of the crime charged, but also the commission of the crime by the accused and by no one else, we find the identification of the defendants there depended upon a witness who saw the defendants for the first time when the alleged acts complained of were committed. Under the facts in the instant case, the prosecutrix had talked to the defendant on several occasions before the time of the alleged acts and, of course, was in

a better position to recognize him, both by his features and by his voice, when he threatened to cut her throat if she made outcry.

Defendant contends the indictment is void because the record fails to show that the special grand jury which returned the indictment was legal. A supplemental record of the proceedings was filed, which shows the verified petition of the State's Attorney and the order of the court calling for a special grand jury to be and appear on October 13, 1943, and ordering the clerk of the court to issue a venire to the sheriff of Sangamon county, Illinois, commanding that he summon, from the body of the county, twenty-three persons having the qualifications of grand jurors, to appear before the court on October 13, 1943, to act as a special grand jury for the September, 1943, term of court.

Counsel for defendant urge that this record fails to show, either by the petition of the State's Attorney or by order of the court, that public justice requires the calling of a special grand jury and that this is required by the statute. The statute, in part, provides: "The judge of any court of record of competent jurisdiction may order a special venire to be issued for a grand jury at any time when he shall be of opinion that public justice requires it." (Ill. Rev. Stat. 1943, chap. 78, par. 19.) The plain language of the petition, as filed, shows that it was necessary to call a special grand jury for the reason that fourteen indictments for various crimes and felonies were illegal and subject to attack and that, by reason of such an emergency, it was necessary to investigate the cases heard by such illegal grand jury, and we cannot see how it can reasonably be said that this was not a request in aid of public justice or that the order of the court, after hearing the matters in the verified petition and calling and ordering a special grand jury in emergency, was not such an order in aid of public justice. The court, by its order, com-

manded the clerk of the court to issue a venire to the sheriff commanding him to summon twenty-three persons having the qualifications of grand jurors.

It further appears that no motion to quash the indictment was made in the trial court. There are two methods of questioning the legality of a grand jury and they are by challenge to the array or motion to quash the indictment for some illegality or irregularity pointed out in the motion. (*People* v. *Munday,* 293 Ill. 191.) Counsel for the defendant concede this to be the law but contend the indictment is void and may be attacked in any proceedings whether or not called to the attention of the trial court, and cite the case of *People* v. *Buffo,* 318 Ill. 380. In that case the question presented was as to whether or not the indictment was void, because, by its language, it did not charge the defendant with any crime. It also appears in that case, before plea entered, a motion was made by the defendant to quash the indictment but the motion was overruled. After the verdict, the defendant made a motion in arrest and for a new trial, both of which motions were overruled. The question presented here is whether or not the indictment is void, not by reason of insufficient allegations in the indictment but because it was returned by a special grand jury not lawfully constituted. Counsel for the defendant contend in this regard that the body of persons assembled as a special grand jury, being fifteen in number, was not any kind of a grand jury known to law and cites the case of *People* v. *Brautigan,* 310 Ill. 472, on the proposition that every act done by a body or a court without jurisdiction is void and may be called in question or disregarded in any proceeding and by any person at any time. There can be no question that this is a proper rule of law, as announced many times by this court; however, this rule of law is not applicable to the facts here for the reason that a legal and lawful grand jury was summoned and assembled.

We are not impressed with the contention of counsel that a proper grand jury was not impaneled. The record shows that, by reason of excuses and disability, the number of grand jurors appearing was short of the twenty-three persons necessary to constitute a lawful grand jury, and when this appeared, the court ordered that the clerk issue a venire forthwith for ten persons to serve in the capacity of grand jurors. We think the importance of the question is not as to whether the sheriff was able to serve every person on his venire but whether there was a sufficient number appearing after being summoned to make up a proper grand jury. It is not shown in any manner that the appearance of only fifteen grand jurors in response to the first venire, which necessitated an additional venire for ten men, in any way affected the substantial rights of the accused or that his rights were injuriously affected by the methods pursued.

It is urged by counsel for the defendant that the court improperly permitted the prosecutrix to testify as to what happened when she arrived home shortly after the alleged crime, concerning conversations between herself and members of her family subsequent to the alleged crime and out of the hearing and presence of the defendant. Certain testimony is pointed out in the briefs. An examination reveals that not only was no objection made to the testimony but it was competent and not hearsay. The record also reveals that the other testimony objected to was brought out on cross-examination by counsel for defendant.

Defendant contends prejudicial error was committed by the State's Attorney in interrogating the prosecutrix about matters which had no direct tendency to contradict or explain evidence which had been received. Such examination pertained to a cap. We have examined the record and find that no objection was made to this rebuttal testimony and no prejudicial error was committed in this respect.

It is urged that the court erred in giving to the jury instructions 2 and 4 for the People. The instructions presented abstract propositions of law to the effect that the resistance required depends upon the attendant circumstances, and although they are slightly inconsistent they both dealt with the question of law as to the force necessary to be shown to establish a case of forcible rape. The evidence of the prosecutrix was that her assailant threatened to cut her throat if she made any outcry. In the case of *People* v. *Rickey*, 375 Ill. 525, we had occasion to review and analyze the cases dealing with instructions given in forcible rape cases, where one of the circumstances was that the prosecutrix was under threat of receiving bodily injury by her assailant such as was shown in the instant case. The defendant was not prejudiced by the giving of these instructions.

It is contended that instructions 6 and 7, as to what is a reasonable doubt, are repetitious and that this practice has been condemned in the case of *People* v. *White*, 308 Ill. 210. It is true the practice of repeating in instructions is not approved but a mere repetition is not sufficient to reverse a judgment.

Instruction No. 10 was given at the request of the People and is as follows:

"10. The Court instructs you that the date of the commission of the offense as charged in the indictment is not one of the material allegations of the indictment and need not be proven as alleged. In this case it is sufficient if any date within three years of the returning of the indictment into Court has been proven."

Counsel for the defendant agree that this has been held to be sufficient but contend the approval of the practice is unfounded in reason, law and justice. The argument seems to be that we should change the rule and not permit proof within the time fixed by the Statute of Limitations. In the case of *People* v. *Olroyd*, 335 Ill. 61, we held

that the date alleged in the indictment is not material and that it is sufficient if the People prove that the offense charged was committed at any time within the period of the Statute of Limitations and prior to the returning of the indictment and that it was not error to so instruct the jury. If counsel for the defendant felt that there should have been more information as to the date of the offense as charged, he could easily have ascertained same by a request for a bill of particulars.

It is contended by defendant that instruction No. 12, "The Court instructs you that if you believe from the evidence that the prosecuting witness made complaint of the assault alleged to have been made on her, at the earliest opportunity, then you have a right to consider such complaint in determining the truth of her statements," is prejudicial because the word "statements" might have reference to other than those properly concerning the complaint. As was said in the case of *Bean* v. *People*, 124 Ill. 576, the instruction might be considered rather broad in its use of the term "statements," still it was there held there was no reversible error and that such instruction was not open to the charge of singling out a part of the facts and giving them undue prominence. While it is true, as held in that case, the instruction might properly have been more guarded, we do not see how the jury could have understood that the statements referred to here could have pertained to other than those properly made concerning the complaint. The instruction was not prejudicial.

Defendant complains of the refusal of his tendered instructions Nos. 1 to 13, inclusive. We have analyzed these instructions and find that refused instruction No. 1 pertains to the question of force as an essential element where the prosecutrix is of the age of consent and physically and mentally able to offer resistance. We find that instructions 1 and 2, offered by the People, fully cover this proposition of law. We have also examined the other refused

instructions and find such matters were fully and properly covered by other given instructions both for the People and the defendant and find that, as a series and considered as a whole, they fully and fairly announce the law applicable to the theories of the People and of the defendant, respectively. *People* v. *Shelton,* 388 Ill. 56.

It is next contended the People's evidence fails to establish the guilt of the defendant beyond a reasonable doubt and for that reason the trial court erred in refusing to allow his motion to direct a verdict of not guilty. We have heretofore analyzed this proposition of law and further repetition would unduly burden the record.

Counsel for the defendant contend that the State's Attorney resorted to unfair and improper methods to secure a conviction by improper direct examination of the complaining witness, improper cross-examination of the defendant and his prejudicial remarks in his argument and summation before the jury. All matters except the remarks of the State's Attorney have been heretofore disposed of and we shall confine ourselves to the prejudicial argument. No objection was made at the time of the alleged remarks and no part thereof or any objection thereto is shown in the bill of exceptions. The defendant did file an affidavit attached to his motion for a new trial, stating that the State's Attorney, in his closing argument, made such remarks. The affidavit, however, fails to state that counsel objected to the statements in order to secure a ruling on the question. What appears to be objectionable is shown only in the *ex parte* affidavit of the defendant made and presented in support of his motion for a new trial. These matters should have been included in the bill of exceptions and cannot be furnished by affidavit. *People* v. *Ladas,* 374 Ill. 419; *People* v. *McDonald,* 365 Ill. 233.

It is urged by counsel for the defendant that we should apply the rule laid down in *People* v. *King,* 276 Ill. 138,

that as the State's Attorney did not deny on the record the truthfulness of the affidavit, it should be considered by this court. The *King case*, in this respect, is not comparable to the instant case. In that case, it appears an objection was made to the remarks of the State's Attorney and the trial court made no ruling on the question. We held there the trial court should have promptly sustained the objection to such remarks and instructed the jury orally at once, and, if requested, in writing later, to disregard such statements in their consideration of the case. In the *King case*, the objection was made but not ruled on and the affidavit so states. In the instant case, no objection was made at the time of the alleged remarks and the affidavit does not state that any objection was ever made to the alleged prejudicial remarks. We hardly see how, in the orderly process of a trial, *ex parte* affidavits could be considered as questioning the ruling of the court, both as to questions of evidence and remarks of counsel, if an objection is not made at the time the evidence is offered or at the time of the remarks. This is in order that the court may have an opportunity to rule upon the matter and to prevent the possibility of such improper conduct being carried to the extent of depriving the defendant of a fair and impartial trial. Such matters must be in the bill of exceptions and cannot be furnished by affidavit.

Defendant contends he did not receive a fair and impartial trial as guaranteed by the constitution and complains that his constitutional rights were violated. He does not, in his brief, indicate what acts constitute the violation other than a statement that the findings and judgment are contrary to the evidence and the law and that the court erred in overruling the motion for a new trial and entering the judgment and sentence upon the findings. We have heretofore fully discussed these propositions and have given our views both as to the evidence and the law and we do not find support therein to defendant's contention.

The record here is not entirely free from error but it is not the court's duty to review the record in a criminal case to determine whether or not it is free from error, and it is not the policy of the court to reverse a judgment of conviction merely because error has been committed, unless it appears that real justice has been denied or that the verdict of the jury and the judgment of the court may have resulted from such error. (*People* v. *Lehner,* 335 Ill. 424; *People* v. *Stavrakas,* 335 Ill. 570.) We have said repeatedly that the law has commited to the jury the determination of the credibility of the witnesses and the weight of their testimony and unless it can be said, after a careful perusal, the proof is so unsatisfactory as to justify us in entertaining a reasonable doubt as to defendant's guilt, this court will not reverse a judgment of conviction on the evidence. *People* v. *Price,* 371 Ill. 137; *People* v. *Lanie,* 378 Ill. 320.

We have carefully examined the evidence and cannot say the proof is so unsatisfactory as to justify us in entertaining a reasonable doubt as to defendant's guilt. The record being thus presented, the judgment of the circuit court of Sangamon county is affirmed.

*Judgment affirmed.*