(No. 30716.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FELIX OSTROWSKI, Plaintiff in Error.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, MELVIN S. REMBE, and ARTHUR MANNING, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This writ of error is prosecuted by the defendant, Felix Ostrowski, to reverse a judgment of the Appellate Court which affirmed a judgment of the municipal court of Chicago, adjudging the defendant guilty of the criminal offense of contributing to the delinquency of a child and sentencing him to serve a term of six months' imprisonment in the House of Correction.

The defendant was arrested and brought before the municipal court of Chicago on September 8, 1947, at which time a purported criminal information was filed against him. Said information was prepared on a court form entitled "Information by Individual" and reads as follows:

"STATE OF ILLINOIS,  
COUNTY OF COOK,  } ss.   IN THE MUNICIPAL·COURT OF CHICAGO.  
CITY OF CHICAGO,  

————————————————, a resident of the City of Chicago, in the State aforesaid, in his own proper person, comes now here into Court, and in the name and by the authority of The People of the State of Illinois, gives the Court to be informed and understand that FELIX OSTROWSKI heretofore, to-wit, on the 6 day of SEPTEMBER A.D. 1947, at the City of Chicago, aforesaid, did un-

lawfully, knowingly and wilfully encourage Mabel Joint a F person under the age of 18 years to-wit: 16 years of age to be or to become a delinquent child and did then and there unlawfully, knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which tended to render said Mabel Joint to be or to become a delinquent child in that he, the said Felix Ostrowski did, ingage in indecent, obscene and lasvicious conversation with the said: In violation sec. 2; — Par. 104 Chap. 38 Illinois Revised Statutes, contrary to the form of the Statute in such case made and provided, and against the Peace and Dignity of the People of the State of Illinois.

X   MABEL JOINT

STATE OF ILLINOIS, ⎱
COUNTY OF COOK,  ⎰ ss.
CITY OF CHICAGO,          MABEL JOINT

being first duly sworn, on ...... oath, deposes and says that ....
he resides at ..........; that ...... he has read the foregoing information by ........ subscribed and that the same is true.

X   MABEL JOINT

Subscribed and sworn to before me this 8 day of Sept., A.D. 1947.

JOSEPH L. GILL,
Clerk of the Municipal Court of Chicago.
Gemler.

I have examined the above information and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said information and IT IS ORDERED that a capias issue against the accused.

Bail fixed at $........ or cash deposit of $.........

GIBSON E. GORMAN,
Judge of the Municipal Court of Chicago."

The defendant entered a plea of not guilty, waived a jury and the case was tried before the court. It appears that the defendant was represented by counsel who obtained for him a continuance of the cause until September 25, 1947, on which date a trial was had before the court and the defendant was found guilty of the offense charged. On

October 7 the defendant filed a motion in the nature of a writ of error *coram nobis* to correct errors in fact, in which motion it was contended that the information did not charge any offense nor the violation of any law, and that said information was insufficient to support the judgment of conviction, and that said trial and conviction was without due process of law. The State's Attorney on the same day filed a motion to dismiss the petition in which it was asserted that the alleged facts stated by the petitioner were known to him at the time of trial and through his own carelessness and negligence were not presented to the court. It does not appear from the record in this case that any order was ever entered by the court on this petition of the defendant and the motion to dismiss the same. Thereafter the defendant prosecuted a writ of error to the Appellate Court, in which court he contended that the information was fatally defective, the trial court had no jurisdiction and the judgment was, therefore, void because of the omission of the name of the informant from the body of the information. It was also contended that the acts of the defendant as set forth in the information did not show any criminal offense as having been committed. The Appellate Court affirmed the judgment of the municipal court.

The defendant has asserted fifteen errors in his brief which he contends entitles him to a reversal of the judgment. These assignments are repetitious and may be summarized as follows:

1. The defendant contends that the information was not a valid criminal pleading because it did not contain the name of any informant and, therefore, did not comply with section 33 of article VI of the Illinois constitution and the judgment of conviction was, therefore, void.

2. The defendant contends that there was no criminal offense of contributing to the delinquency of a child alleged in said information.

3. The defendant contends that he has been deprived due process of law and equal protection of the laws as guaranteed by the State and Federal constitutions.

Section 33 of article VI of the Illinois constitution provides, "All process shall run: *In the name of the People of the State of Illinois;* and all prosecutions shall be carried on: *In the name and by the authority of the People of the State of Illinois;* and conclude: *Against the Peace and Dignity of the same."* Counsel for the defendant cite several cases which they contend establish a rule of law that where the name of the person bringing the prosecution is not stated in the information the information is fatally defective and, therefore, a conviction thereon is void. Those cases do not establish such a rule of law. *Parris* v. *People,* 76 Ill. 274, was a case in which an information was filed by an individual asserting that the criminal offense of malicious mischief had been committed, and in said information it was stated that the informant "Has just and reasonable grounds to suspect that William Parris * * * committed the same; * * *." In that case our court held that the accused should be positively charged with the commission of the offense and not that he was merely believed to be guilty or that the informant had reason to suspect his guilt. In that case we said, "It may well be doubted whether the paper in this case, called an information, charges even a suspicion of anything against the accused." The information in the *Parris case* did not conclude with the words, "Against the Peace and Dignity of the People of the State of Illinois," and we held that the information did not comply with section 33 of article VI of the constitution. In the case of *People* v. *Blum,* 172 Ill. App. 493, the Appellate Court reversed a conviction based upon an information in which the defendant was purportedly charged with abandoning and neglecting and refusing to maintain and provide support for his wife. In the information in that case the informant appeared to be

Bertha Blum, but the information was signed by Nathan Blum, who appeared to be the defendant in the cause. The Appellate Court rightly held that the information was not proper because it was not signed or verified by the affidavit of the person presenting the same. In the case of *People* v. *Nelson,* 150 Ill. App. 595, an information was filed wherein James A. Everitt appeared as the informant, and it appeared that the information was signed by Everitt and that it was sworn to by him before a notary public of Marion County, Indiana. In that case the Appellate Court held that the information was fatally defective, since a notary public of Indiana had no authority to administer an oath in Cook County, Illinois. Likewise in the case of *People* v. *Honaker,* 281 Ill. 295, this court held that an information based merely upon information and belief was not sufficient to sustain a judgment of conviction, and in *People* v. *Clark,* 280 Ill. 160, this court held that section 117 of the County Court Act was invalid, as it did not require an information to be sworn to when made by the State's Attorney or Attorney General. None of these cases or the other cases cited by the defendant establish the rule of law that the name of the informant must appear in the information.

A review of the information in the case at bar indicates that the same was signed by Mable Joint and was sworn to by her before the clerk of the municipal court of Chicago. The fact that the information did not state that she was a resident of the city of Chicago does not render it fatally defective. The omission of her name from the first line of the information did not in any way affect the validity thereof since it appears that the information was signed and that it was sworn to under oath by Mable Joint who signed the same. The omission of her name from the body of the information could not render the same fatally defective.

It is next contended that the information, although stating the alleged crime in general terms, did not allege any facts which would indicate in what manner or by what method the defendant encouraged the female child to become delinquent. Defendant contends that the information is, therefore, void because it does not charge the commission of a crime. In support of this contention defendant cites *People* v. *Ellis*, 185 Ill. App. 417. In that case it was charged that one Ellis "did knowingly and willfully do such acts that did directly produce, promote and contribute to rendering the said Ward Swalwell, a minor child under the age of seventeen years, to-wit, fourteen years, dependent and delinquent." There was no charge of any specific conduct or acts on the part of Ellis, and the court properly held that the information was fatally defective since it did not allege facts with such certainty as to enable the defendant to know with what he was charged and to enable the defendant to prepare his defense. It is to be noted from a reading of the information in the case at bar that it was charged therein that the defendant did "Unlawfully, knowingly and willfully encourage Mabel Joint * * * to be or to become a delinquent child and did then and there unlawfully, knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which tended to render said Mabel Joint to be or to become a delinquent child in that he, the said Felix Ostrowski did, ingage in indecent, obscene and lasvicious conversation with the said; * * *." We believe that the plain meaning of this charge was that Felix Ostrowski engaged in indecent, obscene and lascivious conversation with Mable Joint, and that it was charged that said conduct of engaging in said conversation contributed to conditions which tended to render Mable Joint to be or become a delinquent child. While it is true that there are errors in spelling and that the information is not an artful pleading, we do not believe that it was so defective as to

be void. Niceties and strictness of pleading are supported only where a defendant would be otherwise surprised on the trial or be unable to meet the charge or prepare his defense. Where the meaning is plain, faulty grammar, wrong spelling, defective rhetoric or an error in punctuation will not render the information fatally defective. (*People* v. *Schnepp, 362* Ill. 495.) The defendant went to trial with counsel and no objection was made to the information prior to the time of trial. It is not contended that the defendant was in any way hurried into a trial of the matter. We believe that the information fairly apprised the defendant of the charges against him and that if he desired any more definiteness with respect to the same he could have obtained the same by an appropriate motion prior to the trial. In view of the fact that he did not make such a motion, we believe that he is now precluded from raising mere formal defects in the information.

It is to be noted that the defendant did not prosecute a writ of error from this court prior to his writ of error from the Appellate Court, and, therefore, any constitutional questions were waived under the authority of *People* v. *Rosenthal, 370* Ill. 244, and *People* v. *Parker, 396* Ill. 583. However, we have carefully reviewed this entire record, and it appears from the same that the defendant was adequately represented by counsel, was adequately apprised of the crime charged against him, was not hurried into a trial of the same without adequate time to prepare his defense, and was afforded all of his rights under the constitutions of Illinois and of the United States.

For the reasons stated in this opinion, the judgment of the Appellate Court, affirming the judgment of the municipal court of Chicago, is affirmed.

*Judgment affirmed.*