(No. 32044.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH PLOCAR, Plaintiff in Error.

*Opinion filed January 24, 1952.*

Roland V. Libonati, of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

This writ of error is prosecuted by the defendant, Joseph Plocar, to reverse a judgment of the Appellate Court affirming a judgment of the municipal court of Chicago, adjudging the defendant guilty of the criminal offense of contributing to the delinquency of a child and sentencing him to ninety days' imprisonment in the house of correction, and to pay the costs of the proceeding.

The defendant was arrested March 16, 1949, and brought before the municipal court of Chicago. He was charged in a purported information as follows: "That on the 8th day of March, A.D. 1949 * * * Joseph Plocar did unlawfully, knowingly and wilfully encourage Iris Castle, a female person under the age of 18 years, to-wit: 15 years of age, to be or to become a delinquent child, and did then and there unlawfully, knowingly and wilfully do acts which directly produced, promoted and contributed to conditions which rendered the said Iris Castle to be or to become a delinquent child in that he, the said Joseph Plocar did on the 8th day of March, A.D. 1949, at the intersection of Spaulding and Cermak Road in the City of Chicago, County of Cook, and State of Illinois, did ask the said

Iris Castle to get into his automobile offering her two dollars to have a good time, in violation of Section 104, Chapter 38 of the Illinois Revised Statutes."

On June 13, 1949, the defendant was arraigned. He entered a plea of not guilty and waived trial by jury, whereupon the court upon trial found him guilty as charged in the information, and rendered judgment. Defendant moved the court for a new trial, which motion the court overruled, and to which ruling the defendant excepted. He then moved the court in arrest of judgment which motion the court overruled. Defendant again duly excepted. He then prosecuted a writ of error to the Appellate Court for the First District. The Appellate Court affirmed the judgment of the municipal court finding that the information sufficiently charged a violation of the statute, and that the evidence left no reasonable doubt as to defendant's guilt.

The defendant asserts here four errors which he contends entitle him to a reversal of the judgment: (1) The information is defective in that it fails to state a cause of action, or set out facts necessary to constitute a violation of the statute as charged. (2) The evidence fails to support the finding of guilty. (3) There is a reasonable doubt of the guilt of the defendant. (4) The court erred in overruling the defendant's motion in arrest of judgment.

The statute under which defendant is charged is entitled "An Act to define and punish the crime of contributing to the delinquency of children." (Ill. Rev. Stat. 1951, chap. 38, pars. 103-105.) Section 2 (par. 104) sets forth that "Any person who shall knowingly and wilfully cause, aid or encourage any male under the age of seventen (17) years or any female under the age of eighteen (18) years to be or to become a delinquent child as defined in section one (1), or who shall knowingly or wilfully do acts which directly tend to render any such child so delinquent, and who, when able to do so, shall wilfully neglect to do that which will directly tend to prevent such

state of delinquency shall be deemed guilty of the crime of contributing to the delinquency of children" and sets out the penalty to be incurred on conviction.

It is generally stated that where the statute sufficiently defines the crime, an indictment or information will be deemed sufficiently technical and correct if it states the offense in the terms and language of the statute creating the offense or so plainly that the nature of the offense may be easily understood by the jury and apprise the defendant of the charge against him. *People* v. *Sims,* 393 Ill. 238; *People* v. *Chiafreddo,* 381 Ill. 214; *People* v. *Glickman,* 377 Ill. 360.

It is clear that for an indictment to be in the terms of the statute in question it must set out the language defining the crime in the statute. Such language requires that there be a statement as to the delinquency charged and as defined in section 1 of the act. (Ill. Rev. Stat. 1951, chap. 38, par. 103.) This section defines a delinquent child for the purposes of section 2, as (1) any male who, while under the age of 17 years, or any female who, while under the age of 18 years, violates the law; or (2) is incorrigible, or knowingly associates with thieves, vicious or immoral persons, or, (3) without just cause, and without the consent of its parents, absents itself from home, or place of abode, or is growing up in idleness and crime; or (4) knowingly frequents any policy shop or place where any gambling device is operated; or (5) frequents any saloon or dram shop where intoxicating liquors are sold; or (6) patronizes any pool room or bucket shop; (7) wanders about the streets in the nighttime without being on any lawful business or occupation; or (8) habitually wanders about any railroad track or yards, or jumps or attempts to jump onto any moving train; or (9) enters any car or engine without lawful authority; or (10) uses vile, obscene, vulgar, profane, or indecent language in any public

place or about any school; or (11) is guilty of indecent or lascivious conduct.

It is obvious that one of these definitions of delinquency on the part of the minor child must be set out as furthered or encouraged by the defendant, in order for the information to be sufficient within the terms and language of the statute. Otherwise the language must plainly and concisely set out sufficient facts to apprise the defendant of the crime charged against him such as defined by the statute. (*People* v. *Ostrowski*, 402 Ill. 106.) By section 27 of the Municipal Court Act, every information shall set forth the offense with reasonable certainty, substantially as required in an indictment. (Ill. Rev. Stat. 1951, chap. 37, par. 382; *People* v. *Miller*, 178 Ill. App. 292.) The facts set forth in the information, to-wit: "Did ask the said Iris Castle to get into his automobile offering her Two Dollars to have a good time," are the only facts stated, and in themselves show no violation of the statute as charged in the information. It is not specified by the information in what respect these facts tend to render the child delinquent, as set forth in the statute, nor do they by their plain meaning import a criminal or improper act or motive. The information is not sufficient, since it does not with reasonable certainty describe the crime in the terms of the statute, nor does it set forth sufficient facts to plainly apprise the defendant of the crime charged and of the specific violation of the statute.

The motion in arrest of judgment was improperly overruled. A motion in arrest of judgment will reach defects in an information the same as a motion to quash or as a general demurrer, and in a criminal case a motion in arrest of judgment opens the entire record for examination and reaches any defect apparent therein. (*People* v. *Goldberg*, 287 Ill. 238.) Here, the information was insufficient to charge a crime. If an information or indictment is void,

the question whether the indictment or information is totally defective or insufficient to charge the offense is preserved for review by motion in arrest of judgment even though there has been no motion to quash or such motion is not made in apt time. If the information is void it is error to overrule a motion in arrest, and on review the proper order is one of reversal without remanding. *People v. Green,* 368 Ill. 242.

The information being wholly insufficient to charge an offense under the statute, the judgments of the municipal and Appellate courts· are reversed and the cause will not be remanded.

*Judgments reversed.*