(No. 32246.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARL KOHLER, Plaintiff in Error.

*Opinion filed November 20, 1952.*

LOUIS L. GOULD, and STEPHEN LEE, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. MCGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

An information filed in the municipal court of Chicago charged that on April 22, 1948, Carl Kohler "did then and there unlawfully, knowingly and wilfully cause, aid or encourage Marion Kohler, then and there being a female child under the age of 18 years, to be or to become a delinquent child; did knowingly and wilfully have sexual relations which directly tended to render said child delinquent. Contributing to delinquency—in violation," etc. Defendant pleaded not guilty, waived a jury, was found guilty after a trial before the court and was sentenced to the House of Correction for a term of one year. On writ of error to the Appellate Court, First District, the judgment of conviction was affirmed. (*People* v. *Kohler,* 340 Ill. App. 637, 92 N.E. 2d 351.) He comes here seeking further review.

The sole contention made in this court is that the information is void for failure to charge a crime. In cases of this nature, the rule has been that in order to charge a defendant with the crime of contributing to the delinquency of a child, with the certainty and sufficiency required by law, an information must not only allege generally in the language of the statute that he committed such a crime but it must further allege a specific act or conduct on his part which directly tended to render the child delinquent. (*People* v. *Plocar,* 411 Ill. 141; *People* v. *Ostrowski,* 402 Ill. 106; *People* v. *Johnson,* 392 Ill. 409.) It is the defendant's position in this case that the words "did knowingly and wilfully have sexual relations which directly tended to render said child delinquent," are wholly insufficient to charge an offense under the statute, for the reason that the statute does not define "sexual relations" as conduct which directly tends to render a child delinquent.

Section 1 of the "Act to define and punish the crime of contributing to the delinquency of children" (Ill. Rev. Stat. 1951, chap. 38, par. 103,) advances eleven definitions

of what constitutes delinquency on the part of a child. Speaking in *People* v. *Plocar*, 411 Ill. 141, this court said: "It is obvious that one of these definitions of delinquency on the part of the minor child must be set out as furthered or encouraged by the defendant, in order for the information to be sufficient within the terms and language of the statute. Otherwise the language must plainly and concisely set out sufficient facts to apprise the defendant of the crime charged against him such as defined by the statute." Looking to portions of the quoted language, defendant urges that there is no definition of delinquency contained in the statute upon which to predicate a charge that having "sexual relations" contributes to the delinquency of a child. While it is true that the statute does not precisely define delinquency in such terms, the contention is without merit. Section 1 does define as delinquent a child who is "guilty of indecent or lascivious conduct." The term "sexual relations," which is found in the information, is one of common usage and meaning connoting lust and sensuality and imports such wrongful and improper conduct as would tend to render the child guilty of indecent and lascivious conduct, thus a delinquent within the terms of the statute.

It must be concluded that the words "sexual relations" are sufficiently precise to support a charge of contributing to the delinquency of a child within the terms of the statute. We believe the information here adequately apprised the defendant of the crime charged and of the location and time of the act, so that he could adequately prepare his defense. Indeed, defendant claimed no surprise but went to trial without seeking further detail and without objection.

The judgment of the Appellate Court, First District, affirming the judgment of the municipal court of Chicago, is affirmed.

*Judgment affirmed.*