People of the State of Illinois, Plaintiff-Defendant in Error, v. Shelby Brummett, Defendant-Plaintiff in Error.

Term No. 59–F–20.

Fourth District.

May 5, 1959.

Released for publication July 16, 1959.

George E. Ginos, of Hillsboro, for defendant-plaintiff in error.

No brief filed for plaintiff-defendant in error.

JUDGE CULBERTSON delivered the opinion of the court.

This cause comes before us on Writ of Error to the County Court of Bond County to review a judgment entered in such Court on the 25th of September, 1958, sentencing defendant to the State Farm at Vandalia for a term of six months.

The information pursuant to which the defendant was sentenced purported to charge the defendant with the crime of contributing to the delinquency of a minor but failed to state in what manner such defendant contributed to the delinquency of a minor. The defendant entered a plea of guilty and the sentence referred to followed. Thereafter defendant obtained Counsel and now points out that the judgment of conviction was invalid because the defendant has been charged with no offense against the law and that the Information is insufficient and fails to charge defendant with a crime that supports the judgment of conviction.

The State did not see fit to appear by brief or otherwise in this proceeding.

██ A plea of guilty does not confer jurisdiction or authorize a conviction in absence of a valid Indictment or Information, but constitutes an admission only of what is well alleged or charged (People v. Wallace, 316 Ill. 120, 122; People v. Green, 368 Ill. 242).

██ As pointed out in People v. Kohler, 413 Ill. 283, in cases charging the crime of contributing to the delinquency of a child, certainty and sufficiency is required by law. The Court pointed out that an Information must not only allege generally in the language of the Statute that defendant committed such a crime, but it must further allege the specific act or conduct on the part of the defendant which tended directly to render the child delinquent. Since the Act advances eleven definitions of what constitutes delinquency on part of a child, in order for the Information to be sufficient within the terms and language of the

47

Statute, the Information should plainly and concisely set forth sufficient facts to apprise the defendant of the crime charged against him.

■ There is no basis therefore for the entry of the judgment in view of the insufficiency of the Information.

■ Other material points were also raised for our consideration which it is now unnecessary that we discuss. The insufficiency of the charge may be raised for the first time in the Appellate Court (People v. Wallace, supra; People v. Minto, 318 Ill. 293, 296).

The judgment of the County Court of Bond County will, therefore, be reversed with directions to vacate the judgment and to discharge the defendant.

Reversed, with directions.

SCHEINEMAN, P. J., concurs.