The People of the State of Illinois, Defendant in Error, v. Will King, Plaintiff in Error.

Gen. No. 48,319.

First District, First Division.

April 24, 1961.

Robert W. Heinze, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook county, Illinois (Francis X. Riley and James R. Thompson,

Assistant State's Attorneys, of counsel) for defendant in error.

MR. JUSTICE MURPHY delivered the opinion of the court.

This writ of error is prosecuted by defendant, Will King, to reverse a judgment of the Municipal Court of Chicago, adjudging him guilty of contributing to the delinquency of a female child. He was sentenced to 90 days' imprisonment in the County Jail of Cook County, Illinois.

To reverse the judgment, defendant asserts three errors: (1) that the information fails to charge him with a crime; (2) that the trial court failed to discharge its duty to see that his jury waiver was expressly and understandingly made; and (3) that the evidence fails to support the finding of the court.

The information was signed by Mary Ann Hennek, mother of the child, Linda, and was sworn to by her before the Clerk of the Municipal Court of Chicago. The first line of the printed part of the information carries the inserted name "Will King," instead of "Mary Ann Hennek," and the fourth line, in which the name of defendant should have been inserted, contains no name. The date line shows August 7, 1960, and after the printed matter, the following appears, partly typed and partly handwritten:

"Will King did then and there unlawfully, knowingly, and wilfully, cause, aid, or encourage Linda Hennek then and there being a female child under the age of 18 years, to be, become a delinquent child, did knowingly and wilfully, fondle her breast and body, which directly tended to render such child delinquent, encouraging her to participate in indecent and lascivious conduct, in violation of Section 103–104 of chapter 38 of the Ill. Revised Statutes of 1955."

Defendant relies on People v. Plocar (1952), 411 Ill. 141, 103 N.E.2d 612, and People v. Brummett

266

(1959), 22 Ill.App.2d 46, 159 N.E.2d 511, to support his contention that the information is void, confusing and "violates the defendant's right to a clear and specific understanding of the charges filed against him." In both of these cases the crime charged was contributing to the delinquency of a minor, and they show the rule to be that the information must allege the specific act or conduct on the part of the defendant which tended directly to render the child delinquent; and that "the information should plainly and concisely set forth sufficient facts to apprise the defendant of the crime charged against him." (People v. Brummett, 22 Ill.App.2d 46, 48, 159 N.E.2d 511.) In each of these cases the court found the information insufficient to charge a crime, but the factual situations are not such as to be persuasive here.

 The instant information was carelessly prepared, but that does not render it fatally defective. It was signed by Mary Ann Hennek and was sworn to by her. It is also true that the name of the defendant does not appear in the blank provided for that purpose, but later in the body of the information, "Will King" is clearly charged with the acts and conduct complained of. We believe the information fairly apprised the defendant of the charges against him, and if he desired any more definiteness with respect to the charges, being represented by counsel, he could have made an appropriate motion before trial. People v. Ostrowski (1949), 402 Ill. 106, 113, 83 N.E.2d 276.

 The allegation as to his conduct with the child connotes "lust and sensuality and imports such wrongful and improper conduct as would tend to render the child guilty of indecent and lascivious conduct, thus a delinquent within the terms of the statute." (People v. Kohler (1952), 413 Ill. 283, 285, 109 N.E.2d 210.) We believe the information is sufficient to charge a crime, and plainly and concisely sets forth sufficient facts to apprise the defendant of the crime charged

against him, so that he could adequately prepare his defense. Prior to the trial, defendant made no claim of surprise and, without seeking further details or making any objections, went to trial. We see no error here.

■ Defendant next contends that the court failed to discharge its duty to see that his election to forego trial by jury was expressly and understandingly made. (People v. Fisher (1930), 340 Ill. 250, 172 N. E. 722; People v. Ryan (1931), 259 Ill. App. 536.) We agree that this duty cannot be perfunctorily discharged, and that the waiver must be understandingly made. Defendant was in court when the case was called for trial. His attorney stated to the court: "This is a sex case. Our plea is not guilty." The Court: "Jury waived?" Defendant's attorney: "Jury waived." Therefore, the waiver was expressly made. If the waiver was not understandingly made, the record does not show it. By permitting his attorney, in his presence and without objection on his part, to waive his right to a jury trial, he must be held to have knowingly acquiesced in that action. Defendant is not permitted to complain of an error which his behavior in court invited and after which he proceeded to trial without objection. 15 I.L.P., Criminal Law, § 902.

Defendant's final contention is, as in rape cases, that the disputed, unsupported and uncorroborated testimony of the prosecutrix is insufficient in law to support a finding of guilty. The cases cited (People v. O'Shea (1954), 1 Ill.App.2d 418, 117 N.E.2d 789; People v. Finley (1954), 3 Ill.App.2d 280, 121 N.E.2d 611) support this contention. However, we do not believe they apply in this case, because there is corroboration of the testimony of the prosecutrix in the record.

Linda Hennek, then 13 years old, who lived upstairs of defendant's candy store, testified that she had known him for about two weeks. She said that on the

morning of August 7, 1960, at about 11:30, while working in defendant's candy store, after swearing her to secrecy, defendant "stuck his tongue in my mouth and he told me to do the same, and not knowing any better, I did. And then he started to feel my bust and then I came upstairs and I told my mother."

Her mother, Mary Ann Hennek, testified that at about noon of the same day, Linda came to their apartment, appeared frightened, and was afraid to tell her what happened until about an hour later; and that, not knowing what to do, she did not call the police until about 5:00 P.M. of that day.

Defendant testified and denied the charges. He further testified that the girl worked for him for one day and part of the next; that she left the store at about 11:30 A.M. on August 7, after telling him she was going out with her sister; that he was 66 years old and was married for 34 years; and that he had never been arrested or charged with any sex offenses.

After both sides rested, the court ruled petitioner "opened the door for questions of reputation, past reputation," and permitted three female witnesses, two of whom were minors who had previously worked for defendant, to testify that petitioner's general reputation in the community as to morality was bad. The court then found defendant guilty. The State introduced evidence as to aggravation, and defendant was sentenced to the County Jail.

 In the instant case the testimony of the prosecutrix is clear and convincing. She made a complaint to her mother immediately after the occurrence. Testimony as to this was properly admitted in this case, because it tends to corroborate her testimony. (People v. Vaughn (1945), 390 Ill. 360, 365, 61 N.E.2d 546.) The four-hour delay by her mother, in calling the police, does not lessen the value of the corroboration. It is understandable that a mother might not know

what to do and would be reluctant to call the police and involve her 13 year old daughter in a case of this nature.

Defendant was tried before an able and experienced judge and, although defendant denied the testimony of the prosecutrix, we believe there was sufficient corroboration of her testimony to sustain this judgment.

For the reasons stated, the judgment is affirmed.

Affirmed.

KILEY, P. J. and BURMAN, J., concur.