(No. 15170.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES WHITE *et al.* Plaintiffs in Error.

*Opinion filed April 18, 1923.*

1. CRIMINAL LAW—*rape—when it is not error to refuse proper instruction as to force.* Where the indictment charges the defendants with rape upon the person of the prosecuting witness with force, an instruction that force is a constituent, essential element of the crime charged and must be established by evidence beyond all reasonable doubt is a correct statement of the law, but it is not prejudicial error to refuse to give the instruction where its substance, including a definition of the term "force," is given in other instructions.

2. SAME—*neither the State nor the defense is entitled to repetition of instruction.* Neither the State nor the defense is entitled to a repetition of an instruction, and to re-state a proposition of law in different language is but a repetition.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

MARTIN J. DOLAN, and JESSE PEEBLES, for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, LESLIE M. HARLAN, State's Attorney, and JAMES B. SEARCY, (E. N. NEVINS, and TRUMAN A. SNELL, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error, Charles White and Philip Davis, were convicted in the circuit court of Macoupin county of the charge of rape upon Sylvia Welle. They have brought the record here for review, urging that the verdict is contrary to the evidence and that the court erred in instructing the jury.

The undisputed facts are that on the evening of the 25th day of February, 1921, the complaining witness, Sylvia

Welle, who was then seventeen years of age and a student in the high school in the city of Virden, with a companion, Margaret Love, (now Margaret Monts,) attended a basket ball game at the high school gymnasium in that city. At about nine o'clock, after the game was over, they went with the crowd down-town, intending, as they testified, to get refreshments in an ice cream parlor. On the way from the school building to the business part of the city these girls were approached by plaintiffs in error and Ralph Bell. Davis made some inquiry of the complaining witness about the referee of the game. The girls continued on their way and were followed by the young men. Davis was about nineteen years of age, a coal miner by occupation, and White, who was twenty-two years of age, was a barber. Bell, twenty-three years of age, was also a coal miner. The girls were not acquainted with these young men. They left them immediately upon the inquiry by Davis and went to the interurban depot, for the purpose, as they testify, of avoiding Davis and Bell, who followed them. When they came out Davis and Bell were waiting outside and followed them toward their homes and on overtaking them insisted on accompanying them. When the neighborhood of the residence of Margaret Love was reached the young men insisted upon these girls walking with them. The party proceeded to a wooded square called the City Park. Upon entering the park the couples became separated. Davis and the complaining witness went toward the southeast corner of the park, where the intercourse complained of took place.

Complaining witness testified that Davis threw her to the ground, and as they were struggling there he whistled, and White came up and held his hands over her mouth while Davis ravished her; that Davis then held her while White also raped her; that later Bell and the Love girl came over to where they were. The Love girl testified that when she and Bell came up they found the prosecuting witness crying and greatly excited. White disappeared about

that time. Bell and Davis went with the girls to the alley about half a block from where the Love girl lived. Complaining witness remained that night at the home of the Love girl and told her what had occurred. The State's evidence also shows that the family physician of the Welle family found, upon examination, indications of intercourse having been had with her. The following evening the plaintiffs in error, with Bell, left Virden, walking to the village of Thayer, where they took an interurban car. for Springfield and went from there to Chicago. The plaintiffs in error testified that their going to Chicago was because they had heard that a warrant had been issued for them. . Davis and White admit having intercourse with the complaining witness but testify that it was without force and was with her consent. Two witnesses were also offered on the part of the defense who testified that they passed the park about the time the alleged rape took place and that they saw no struggle and heard no outcries. Two of these witnesses testified that they saw two persons on the ground in this corner of the park.

The question of the guilt or innocence of the plaintiffs in error was one of fact for the jury. The Love girl corroborated the prosecuting witness concerning the latter's condition when the witness and Bell came up. It is not reasonable to suppose that a school girl who, as the evidence tends to show, had never before engaged in acts of illicit intercourse should willingly submit herself to the embraces of two men who were strangers to her. We cannot say that the verdict of the jury finding plaintiffs in error guilty of rape is so manifestly against the weight of the evidence as to justify disturbing it.

The court gave seven instructions for the State and eleven for the plaintiffs in error and refused eleven instructions offered on behalf of plaintiffs in error. They contend that the refusal of these instructions was error. They complain in argument in their briefs, however, as to but one

of these refused instructions, referred to as the fifth re-
fused instruction.  This instruction told the jury that the
indictment charged the defendants with rape upon the per-
son of the prosecuting witness with force, and that force
is a constituent, essential element of the crime charged and
must be established by evidence beyond all reasonable doubt.
This instruction is a correct statement of the law.  An ex-
amination of the instructions given, however, discloses that
instruction 15 given on behalf of plaintiffs in error defined
the term "force."  Instruction 16 given on behalf of the
plaintiffs in error told the jury that unless they believed that
the prosecution had established by evidence beyond a rea-
sonable doubt that the defendants, or one of them, raped
Sylvia Welle with force, in manner and form as charged
in the indictment, the jury should find them not guilty.
Given instruction 18 told the jury that if they believed that
the acts of intercourse were consummated by her consent
and not forcibly and against her will the defendants could
not be convicted, and that the use of force was a constitu-
ent element, and unless proven beyond all reasonable doubt
the jury should acquit the defendants.  The instruction re-
fused was given in substance in these instructions.  While
the refusal of other instructions is not argued, we have
examined all given and refused instructions and find that
all correct propositions of law in the refused instructions
were contained in given instructions.  Neither the State nor
the defense is entitled to a repetition of instructions, and
to re-state a proposition of law in different language is but
a repetition.

There is no error in the record entitling plaintiffs in er-
ror to reversal of the judgment, and it is therefore affirmed.

*Judgment affirmed.*