The People of the State of Illinois, Plaintiff-Appellee, v. John Edwards, Jr., and Robert Charles Webb, Defendants, John Edwards, Jr., Defendant-Appellant.

Gen. No. 10,729.

Fourth District.

August 25, 1966.

Summers, Watson & Kimpel, of Champaign, for appellant.

Ralph Glenn, State's Attorney, of Charleston (L. Stanton Dotson, of counsel), for appellee.

CRAVEN, J.

After a jury trial, the defendant was found guilty of conspiracy to escape and aiding escape. An indeterminate sentence of 1–4 years was imposed on the conspiracy charge and a definite sentence of one year "to the Illinois State Penitentiary" on the aiding to escape charge, both sentences to run concurrently. The defendant, by this appeal, urges errors in the circuit court and contends, as a matter of law, that conspiracy is the inchoate offense of aiding escape and that he could not have been convicted both of the inchoate and principal offense. Error is also assigned with reference to the Instructions given and refused and the failure of the court to declare a mistrial when, during the trial, certain exhibits that had been received into evidence disappeared. It is also contended that there was a failure to prove the defendant guilty beyond a reasonable doubt.

The undisputed facts in this case show that one Robert Webb, a codefendant in this proceeding below, was found to have eight hacksaw blades in his possession while in the Coles County jail. These blades were found the day after Webb had appeared at his arraignment on a felony charge for which he was then being held. Webb's mother and her sister, Bertha Jackson, were present at the arraignment, together with the defendant Edwards. There is dispute as to the rest of the evidence.

The defendant testified that he brought Webb's mother and aunt to the arraignment at their request. He stated

228

that, after the arraignment, Webb sat down with the group but that there was no conversation other than that relating to the "bad chow" at the jail. The defendant testified that he did not give anything to Webb and did not see anyone else give anything to Webb.

Mrs. Lois Webb testified that she gave her son several candy bars and further stated that she saw the defendant Edwards hand her son two or three cellophane envelopes on the way back to the jail. This testimony was corroborated by Bertha Jackson. Mrs. Webb was impeached by a sworn statement relating that the defendant had not given her son anything.

 Webb testified that nothing was said between the defendant and himself about the hacksaw blades or escape. He did testify, however, that the defendant handed him eight hacksaw blades while Webb was returning to jail. He stated that he denied the defendant gave him the blades until he was called to trial on the original charge for which he was being held. Thereafter the witness Webb acknowledged writing a letter to the State's Attorney stating that his earlier statement was false. One William Webb, a cellmate of Robert's in the Coles County jail, testified that he saw Robert remove the hacksaw blades and the candy bars from his pockets and saw Robert hide the blades under the mattress of his bed. Chapter 38, § 8–5, Ill Rev Stats 1965, provides that no person shall be convicted of both the inchoate and principal offense. The principal offense of conspiracy to escape is escape. The defendant could not be convicted of escape because he was not in custody and that offense is so defined (c 38, § 31–6, Ill Rev Stats 1965). Here the defendant was not charged with the principal offense of escape but with conspiracy to escape and aiding in escape. These are distinct and separate offenses as defined by statute. One not in custody, and thus incapable of the offense of escape, may, nevertheless, be convicted of conspiracy to escape. The fact

that one is legally incapable of committing the substantive offense does not exclude his conspiracy conviction if one conspirator has capacity to commit the offense. 16 Am Jur2d, Conspiracy, § 17, at p 136.

■ Turning now to the defendant's assertion that the proof is insufficient to support either charge, we cannot agree. The testimony, as related, was the subject of impeachment and inconsistency. From that testimony, however, the jury was warranted in concluding that the defendant did pass the hacksaw blades to Webb and thus conveyed something for use in escaping, as that phrase is used in defining the offense of aiding in escape.

■ As to the proof of the conspiracy, it is well-settled that the gist of the offense is the unlawful combination or agreement. People v. Nathanson, 389 Ill 311, 59 NE2d 677 (1945) ; People v. Walter, 23 Ill App2d 129, 161 NE2d 707 (1959). The acts subsequent to the alleged conspiracy may inferentially establish the agreement. People v. Brinn, 32 Ill2d 232, 204 NE2d 724 (1965). It has been held that no precise written or spoken words establishing the agreement need be proven to establish the conspiracy. People v. Fedele, 366 Ill 618, 10 NE2d 346 (1937) ; People v. Walczak, 315 Ill 49, 145 NE 660 (1924).

■■ In this case, the evidence is undisputed that the defendant did not speak to Webb about the hacksaw blades or about any plan of escape. Failure of proof of a verbal or written communication is not fatal, however, if an understanding or concert in will can be established indicating a common design on the part of the accused and others to act in pursuance of a common criminal purpose. People v. Brinn, 32 Ill2d 232, 204 NE2d 724 (1965), and cases there cited. The evidence of the concealed passing of the hacksaw blades by the defendant, together with the acknowledged acceptance and concealment by Webb, is sufficient to inferentially

230

establish the unlawful concert in mind between Webb and the defendant. Here the conspiracy is established admittedly by inference, but conclusively, and the jury was warranted in finding guilt.

 The defendant argues that a mistrial should have been declared because of the disappearance of the hacksaw blades from the custody of the court after they had been marked and admitted into evidence. The cases in support of the defendant's contention relate to reversals in civil cases where a litigant was denied the right to submit certain exhibits to the jury. The court notes that these exhibits were introduced by the State over the defendant's objection; therefore, the defendant is not in a position to claim prejudice because of the disappearance of exhibits he considered damaging to his case. There being no showing of prejudice, we must conclude that the trial court was correct in denying the defendant's motion for a mistrial.

 The defendant raises the court's failure to give defendant's Instructions 2, 3, 4 and 6 as a basis for a new trial. Instructions 2 and 3, tendered by the defendant, relate to reasonable doubt and presumption of innocence. While these instructions are not inaccurate or improper statements of the law, they state only the defendant's side of these rules. We find these rules of law to be fairly and adequately presented in the People's Instructions 9, 19 and 20. The defendant is not entitled to repetitious instructions which lend undue emphasis to a particular element of the case. People v. White, 308 Ill 210, 139 NE 58 (1923).

 Defendant's Instruction 4 relates to the testimony of the defendant and states that:

> "The Court instructs the Jury that you have no right to disregard the testimony of the defendant through mere caprice or because he is the defendant. The law makes him a competent witness."

This was adequately covered in defendant's Instruction 5, which, in part, stated:

> "You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness."

While this may be a good instruction under certain circumstances, it is not one which the defendant is entitled to as a matter of right where the subject is covered in a companion instruction.

 The court refused Instruction 6 which stated that the jury must acquit the defendant where "there arises from the evidence two theories equally consistent, one pointing to the guilt of the Defendant and the other to the theory that he is not guilty . . . ." A similar instruction was considered by the Supreme Court in the case of People v. Johnson, 317 Ill 430, 437, 438, 148 NE 255 (1925), wherein the court made the following observation with respect to this type of instruction:

> "These instructions are argumentative and obscure and were properly refused for that reason. Instruction No. 2 assumes that this case is one of a class of cases in which there are two or more theories consistent with the evidence,—one on which the defendant could be found guilty and one on which he could be found not guilty,—and instructs the jury that it therefore becomes their duty to find the defendant not guilty because of the presumption of innocence. If the evidence is capable of a reasonable explanation consistent with the innocence of the defendant there can be no theory on which a verdict of guilty can be based, because if the evidence is consistent with innocence it cannot be said that guilt is proved beyond a reasonable doubt. In order to justify a conviction the evidence must not only be consistent with the guilt of the defendant but it must also be inconsistent with his

innocence. If the evidence is equally consistent with guilt and innocence the defendant is entitled to the presumption of innocence and the verdict must be not guilty, but there cannot be two theories of the evidence, one of which would justify a verdict of guilty, the other a verdict of not guilty. The proposition on which this instruction is based,—that there may be two theories of the evidence, one justifying an acquittal and the other a conviction,—is without foundation and the instruction was properly refused." . . . See also People v. Long, 407 Ill 210, 95 NE2d 461 (1950).

The above instruction was properly refused.

 The sentence of one year to the Illinois State Penitentiary for the aiding escape charge is error in that the statutory penalty for this offense specifically provides imprisonment in a penal institution other than the penitentiary not to exceed one year. In addition to that defect, however, one course of conduct is the basis for both sentences. For the reasons stated by this court in People v. Ritchie, 66 Ill App2d 302, 213 NE2d 651 (1966), the sentence for the lesser offense should not have been imposed and must be reversed.

The judgment and sentence of the circuit court as to Count I of the indictment, charging conspiracy, is affirmed. The judgment and sentence of the court on that count of the indictment relating to the charge of aiding in escape is reversed.

Affirmed in part and reversed in part.

TRAPP, P. J. and SMITH, J., concur.