Janice LYTHGOE, Appellant,

v.

STATE of Alaska, Appellee.

No. 4497.

Supreme Court of Alaska.

Nov. 28, 1980.

David C. Backstrom, Deputy Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.*

## OPINION

BOOCHEVER, Justice.

The issue raised in this appeal is whether the parental exemption contained in Alaska's former kidnapping statute, AS 11.15.-260, by implication, prevents prosecution under the former conspiracy to kidnap statute, AS 11.15.270. We conclude that the exemption does apply, and reverse the judgment of the superior court, which denied Lythgoe's motion for acquittal.

The facts of this case need only be briefly summarized. After several reports of child abuse, S.L., the daughter of Janice Lythgoe, was removed from her mother's custody to a licensed child care facility by the State of Alaska Division of Social Services. A court order gave the state temporary custody for a thirty-day period. On the morning of

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

July 24, 1978, during the time S.L. was in the state's custody, a man later identified as Jack Dropulich allegedly took S.L. from the facility at gunpoint. After running several blocks, Dropulich allegedly met Kenneth Crump, who was the driver of the getaway car. At the time, Crump was living with Janice Lythgoe. S.L. was recovered later in the day and Dropulich, Crump and Lythgoe were arrested.

Lythgoe was subsequently indicted and convicted of conspiracy to kidnap, AS 11.-15.270, and was sentenced to ten years with five suspended.

### APPLICATION OF THE PARENTAL EXEMPTION TO THE CONSPIRACY TO KIDNAP STATUTE

██ The crime of conspiracy is generally regarded as a separate offense from the substantive crime that is the object of the conspiracy. Unlike the other preliminary offenses of attempt and solicitation, conspiracy does not merge into a conviction for the substantive crime. *See* R. Perkins, Criminal Law at 618 (1969), and AS 11.31.-140(c). The no-merger rule means that a defendant can be convicted of both conspiracy and the object of the conspiracy. One reason advanced for this special treatment of conspiracy as a separately punishable offense is that conspiracy has been regarded as a serious crime in itself. *United States v. Rabinowich*, 238 U.S. 78, 88, 35 S.Ct. 682, 684, 59 L.Ed. 1211, 1215 (1915).

As a corollary to the rule that conspiracy is a separate offense, a number of courts have held that a defendant can be convicted of conspiracy even though the defendant could not commit the substantive crime. For example, a prison inmate can be convicted of escape, but one not in custody who assists an inmate in acquiring hacksaw blades can be guilty of conspiracy to escape.[1] The state urges that we follow this line of cases, reasoning that Lythgoe could be guilty of conspiracy to kidnap even though the parental exemption would bar

prosecution for the substantive offense of kidnapping.

Despite authority for the state's position, there is an equally well recognized exception to the above rule where the legislature has immunized a certain group of people from prosecution for the substantive offense or provided for a lesser punishment. In these cases, the courts have generally concluded that to allow a conspiracy conviction would circumvent the legislature's intent in providing the exemption from the substantive crime.

The leading case discussing this legislative exemption is *Gebardi v. United States*, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 (1932). In *Gebardi*, the court concluded that Congress did not intend to punish a woman under the Mann Act (prohibiting the interstate transportation of women for prostitution or illicit sex) where a woman's only active involvement was to give her consent to be transported. The Court then concluded that it would not be possible to punish the woman for conspiracy to violate the Act, reasoning that

> [i]t would contravene that policy [to have the woman's consensual conduct unpunished] to hold that the very passage of the Mann Act effected a withdrawal by the conspiracy statute of that immunity which the Mann Act itself confers.

287 U.S. at 123, 53 S.Ct. at 38, 77 L.Ed. at 212.

In *People v. Buffum*, 40 Cal.2d 709, 256 P.2d 317 (1953), the California Supreme Court followed *Gebardi* in determining whether one who could not be convicted of the substantive offense, but could be guilty of a lesser offense, could nevertheless be guilty of conspiracy to commit the greater offense. Under a then effective California statute, a woman who submitted to an illegal abortion was subject to a minimum sentence of one year, but the person who performed the abortion was subject to a minimum sentence of two years. In considering whether a woman who submitted

1. *People v. Edwards*, 74 Ill.App.2d 225, 219 N.E.2d 382 (1966). *See United States v. Rabinowich*, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211 (1915); *Cox v. State*, 367 So.2d 535, 541 (Ala. Cr.App.1978); *State v. Martin*, 199 Iowa 643, 200 N.W. 213 (1924).

to an abortion could be guilty of conspiracy to violate the statute prohibiting performance of abortions, the court concluded that to allow such a construction of the conspiracy statute

> would mean that the conspiracy law could be used as a device for defeating the legislative intention of imposing a lessor penalty on a woman who violates section 275 [with a one-year minimum sentence] than is prescribed for a person convicted under section 274 [providing for a two-year minimum sentence].

*Id.* 256 P.2d at 324. Further, the court noted that the general rule, that a person can be punished for conspiracy to commit a crime when it would not be possible for that person to commit the substantive offense, should not be applied when

> the Legislature singles out one of the parties for special treatment by enacting a statute which deals only with the conduct of that person and provides for a lesser punishment than is given to the other party.[2]

*Id.* (footnote added).

The state recognizes the exception, but urges that it should not be applied in the case of a parent accused of conspiracy to kidnap his or her own child. The state argues that the exception has only been applied in cases where the person exempted from a conspiracy charge has also been the victim of the substantive offense, such as the woman who consents to have an illegal abortion. The state notes that S.L. was the victim of the kidnapping, not Janice Lythgoe. We are not persuaded, however, that there is any logical reason for giving the legislative exemption the very limited construction urged by the state. In our opinion, and as the cases suggest, the resolution hinges on whether it would frustrate the legislature's intent to exempt a certain class of persons if those persons could then be punished under a conspiracy statute.

■ The Alaska kidnapping statute in effect at the time of this offense, AS 11.15.-260,[3] provided for a maximum penalty of life imprisonment. Parents were exempted from prosecution for kidnapping, but could be convicted of child stealing under AS 11.15.290,[4] which provided for a maximum penalty of ten years. Conspiracy to kidnap, AS 11.15.270,[5] like kidnapping, also allowed a maximum sentence of life imprisonment.[6]

---

2. For decisions applying a similar rule, see *Williams v. Superior Court*, 30 Cal.App.3d 8, 106 Cal.Rptr. 89 (1973) and *Commonwealth v. Fisher*, 308 Pa. 237, 157 A.2d 207 (1960).

3. Former AS 11.15.260 provides:

    *Kidnapping.* A person who knowingly and without lawful reason kidnaps, abducts or carries away and holds for ransom, reward or other unlawful reason another person, except in the case of a minor by his parent, is punishable by imprisonment for a term of years or for life.

4. Former AS 11.15.290 provides:

    *Child stealing.* A person who maliciously, forcibly or fraudulently takes or entices away a child under the age of 12 years, in a manner other than as provided in § 260 of this chapter, with intent to detain and conceals the child from its parent, guardian, or other person having the lawful charge of the child, is punishable by imprisonment in the penitentiary for not more than 10 years nor less than six months, or by imprisonment in jail for not more than one year, or by a fine of not more than $500, or by both.

5. Former AS 11.15.270 provides:

    *Conspiracy to kidnap.* If two or more persons conspire to violate § 260 of this chapter and one or more of them does any overt act to effect the object of the conspiracy, each is punishable by imprisonment for a term of years or for life.

6. Conspiracy to kidnap was first made an offense in Alaska by 99 SLA 1957, which was codified as § 65–4–25(b) ACLA (Supp.1958). The section is identical to the wording found in the federal kidnapping statute, 18 U.S.C.A. § 1201(c) (1966). In the process of recodifying Alaska law after statehood, § 65–4–25(a) defining the crime of kidnapping became AS 11.15.-260 and § 65–4–25(b), the conspiracy section, became AS 11.15.270. Conspiracy to kidnap is no longer defined as an offense in Alaska under the newly revised criminal code. We view it of some significance that the legislature provided for the parental exemption in the kidnapping statute in the same section of the act that created the crime of conspiracy to kidnap. This is some indication that the legislature intended the parental exemption of subsection (a) to apply to the conspiracy definition of subsection (b) as well.

 We think it is clear that the legislature viewed the abduction of a child by a parent as a far less serious offense than kidnapping, and accordingly established the lesser offense of child stealing. It seems plain that to allow a parent to be convicted of conspiracy to kidnap his or her own child would expose the parent to the same measure of liability which the legislature specifically sought to remove in the case of the kidnapping statute. It does not seem logical to suppose that the legislature would have specifically provided for a lesser penalty in one section only to reinstate it, indirectly, by another.

Alaska's new criminal code provides, in AS 11.41.300(b)(1), for exemption from prosecution for kidnapping if the person is a "relative of the victim." In commentary on the section, the code drafters explained:

> The justification for preferential treatment accorded relatives is the view that relatives who take a child or incompetent person from their lawful custodian or [sic] acting in response to understandable, if misguided, domestic passion and have a genuine interest or affection for the victim. Their conduct is neither as culpable as that of the stranger who takes the child nor are they as likely to endanger the victim's welfare or sense of security as would the stranger.

Commentary on the Alaska Revised Criminal Code, Senate Journal Supplement 19–20 (June 12, 1978).

The state argues that this rationale is not applicable to a parent that does not participate directly in the kidnapping, because the actual perpetrators may not have the same degree of affection for the child. Again, we are not persuaded that there is merit to this contention.

It seems apparent that if other persons help a parent regain custody of a child, that although they might not be responding to the same "misguided, domestic passion," they would also be careful not to harm the child. The threat of harm to the victim is in sharp contrast to a kidnapping by strangers to extort a ransom or to engage in sexual assaults or other acts of terrorism and violence. We believe the legislature, by exempting parents from the operation of the kidnapping statute, intended, by implication, to exempt parents from conspiracy to kidnap as well.

Consequently, Janice Lythgoe cannot be convicted of conspiracy to kidnap, and the decision of the superior court denying her motion for acquittal is REVERSED. Because of the decision we reach in this case, it is not necessary to consider other arguments raised by the parties.